**STATE of Missouri, ex rel., Elizabeth S. WESOLICH, Relator,**

v.

**The Honorable Joseph GOEKE, III, Respondent.**

**No. 57985.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 7, 1990.

Bertram Cooper & Judith Kleinberg, St. Louis, for relator.

Dewey S. Godfrey, Jr., St. Louis, for respondent.

CRANDALL, Presiding Judge.

Relator, Elizabeth S. Wesolich (wife), seeks a writ of prohibition to disqualify respondent, the Honorable Joseph Goeke III (judge), from proceeding in the case of *Elizabeth S. Wesolich v. Robert J. Wesolich,* No. 572022, a dissolution action pending in the Circuit Court of St. Louis Coun-

ty.  On February 22, 1990, we issued our preliminary order in prohibition.  We now make the writ of prohibition absolute.

■  "Prohibition is an independent proceeding to correct or prevent judicial proceedings that lack jurisdiction."  *State ex rel. Raack v. Kohn,* 720 S.W.2d 941, 943 (Mo. banc 1986).  If a judge either fails to disqualify himself upon a proper application or denies the application without a proper hearing, he is without jurisdiction and prohibition lies.  *See, e.g., Id.*

The record on appeal is sparse.  Because there was no transcription either of any evidence or of any discussion between counsel and the court below, some of the "facts" argued by wife on appeal are not of record and therefore must be disregarded.  By way of background, however, it is clear that wife brought an action for dissolution of marriage against her husband, Robert J. Wesolich.  The case was assigned to judge for trial.  At the request of wife, a pretrial conference was held before judge on February 6, 1990.  Counsel for both parties to the dissolution action were present.  A discussion ensued between the lawyers and judge regarding a possible disposition of the case.  Although the exact content of that conference is disputed, it is agreed that the attorneys and judge discussed the distribution of the parties' home as marital property.  At a minimum, judge indicated to the attorneys that, in judge's own dissolution, the family home was distributed in a particular manner.  He suggested that a resolution similar to the one in his dissolution was an alternative that he might consider if he heard the case as a contested matter.  Specifically, he said that he might allow the husband to remain in the family home with the two minor children until the younger of the children was emancipated and then require the husband to pay wife her share of the house's value in equal installments over a period of five years.

Thereafter, on February 13, 1990, wife presented her motion for change of judge.  The motion read as follows:

COMES NOW the Petitioner, by and through her attorney, and moves this Court to grant to Petitioner a change of Judge, on the following grounds:

1.  That on February 6, 1990, the Court met with counsel for the parties, in a pre-trial settlement conference.

2.  At said pre-trial settlement conference, the Court was informed of the respective issues and positions of the parties.

3.  The Court told the attorneys for the parties that the issues presented in the above cause of action, involved the same issues in the Court's own Dissolution of Marriage proceeding, and the Court indicated that he felt that it would be appropriate to resolve the issues in the instant action in the same manner that the issues were resolved in the Court's own Dissolution of Marriage proceeding.

4.  That the court's comments to both counsel have demonstrated a bias and prejudice against Petitioner.

WHEREFORE, Petitioner moves this Court for a Change of Judge in the above cause.

[Counsel's signature]

\*      \*      \*      \*      \*      \*

[A]ttorney for Petitioner, states that the facts alleged in the above Motion are true and correct, according to his best knowledge, information and belief.

[Counsel's signature]

After argument by the attorneys, judge denied the motion.  Because no record was made, the procedural and substantive aspects of the allegations contained in wife's motion are the focus of this writ proceeding.

■  "[N]o system of justice can function at its best or maintain broad public confidence if a litigant can be compelled to submit his case in a court where the litigant sincerely believes the judge is incompetent or prejudiced....  [T]hat is the price to be paid for a judicial system that seeks to free a litigant from a feeling of oppression."  *State ex rel. McNary v. Jones,* 472 S.W.2d 637, 639–640 (Mo.App. 1971).  Indeed, the right to disqualify a judge is "one of the keystones of our legal administrative edifice."  *State ex rel.*

*Campbell v. Kohn*, 606 S.W.2d 399, 401 (Mo.App.1980). It is vital to public confidence in the legal system that decisions of the court are not only fair, but also appear fair. Thus, whether the disqualification of a judge hinges on a statute or on a rule, we adhere to the liberal construction of that statute or rule in favor of the right to disqualify. A liberal construction is necessary if we wish to promote and maintain public confidence in the judicial system. *Kohn*, 606 S.W.2d at 401; *State ex rel. Ford Motor Co. v. Hess*, 738 S.W.2d 147, 148 (Mo.App.1987).

■ This case reflects the practice of the informal pretrial conference whereby, prior to trial, the lawyers confer with the judge and set forth the evidence that might be adduced if the case were tried as a contested matter. The attorneys then attempt to elicit the judge's opinion regarding a possible settlement of the case. After the conference, it is customary for the attorneys to discuss the judge's suggestions with their clients. It is imperative that the judge not be *unduly* guarded in these exchanges with the lawyers. Otherwise, the purposes of the pretrial conference are eviscerated. It is equally important, however, that the judge avoid a firm expression of prejudgment on the case prior to hearing all of the evidence. *See State v. Lovelady*, 691 S.W.2d 364, 367 (Mo.App.1985).

The present writ proceeding illustrates the problems that can occur as a result of a pretrial conference in a court-tried case, especially when the judge who participates in the pretrial conference is the same judge who will ultimately hear the case if it is not settled. When a trial judge, rather than a jury, assumes the role of fact finder, the litigants view anything that might influence that fact finding function as critical. Yet, pretrial conferences are vital to the expeditious disposition of cases. Without the settlements which result therefrom, dockets would stagnate; and the delays, which are already too lengthy, would become inordinate.

Because of the acrimony inevitably associated with a contested dissolution case, parties to such an action are particularly wary of the judge sitting as the fact finder. Although we do not speak to the merits of the underlying action in the case before us, it is likely that in any dissolution proceeding one or both of the litigants emerge feeling that the final decree entered by the trial judge is erroneous. Frequently, each party leaves the courtroom feeling that he or she lost. Even in the best of circumstances, a litigant's confidence in the integrity of the judicial system is shaken. When a litigant's general disillusionment with the judicial process combines with a litigant's specific perception that the trial judge was biased or prejudiced in his or her case, the goal of maintaining broad confidence in our court system is ill-served.

■ Subject to certain minimal procedural requirements, any party is entitled to one change of judge as a matter of right. *See* Rule 51.06. Rule 51.05 governs peremptory disqualification of a judge in a civil matter. Under that rule, the only prerequisite for obtaining a change of judge is a timely application and service of a copy of the application and notice of hearing on the other party. *Hess*, 738 S.W.2d at 148. No reason need be alleged for the disqualification under Rule 51.05. Upon presentation of a timely application for change of judge, the judge *shall* sustain the application. Rule 51.05(e).

The record reveals, and it is conceded by wife, that her motion for change of judge did not fall within the time constraints of Rule 51.05, and thus she was not entitled to an automatic change of judge. She argues, however, that she was entitled to a change of judge under the statutes which govern disqualification of judges for cause, Sections 508.090 through 508.140, RSMo (1986), under the Code of Judicial Conduct, specifically Rule 2, Canon 3 C(1), or under both.

■ Judge alleges that wife's motion was procedurally defective because wife failed to comply with Section 508.130 which requires that a signed affidavit be affixed to the petition. Section 508.130 provides in pertinent part:

Any party, his agent or attorney, may present to the court, or judge thereof in vacation, a petition setting forth the cause of his application for disqualification of the judge or for a change of venue, and when he obtained his information and knowledge of the existence thereof; and he shall annex thereto an affidavit, made by himself, his agent or attorney, to the truth of the petition, and that affiant has just cause to believe that he cannot have a fair trial on account of the cause alleged....

■ Here, the motion for disqualification of judge was verified. It was therefore not necessary for wife to annex to the motion a separate affidavit attesting to the truth of the petition. *See La Grange Elevator Co. No. 111 v. Richter,* 129 S.W.2d 22, 24–25 (Mo.App.1939). In addition, although the motion did not adopt the literal language of the statute which requires the affiant to recite that he has "just cause to believe" that he cannot "have a fair trial on account of the cause alleged," the fourth paragraph of wife's motion alleged "[t]hat the Court's comments to both counsel have demonstrated a bias and prejudice against Petitioner [wife]." This language was in substantial compliance with the statute. In fact, the statement employed stronger language by alleging that judge's comments not merely gave rise to "just cause to believe" that the trial would not be fair, but actually "demonstrated" bias and prejudice.

[W]hether a party shall have a change of venue ... shall [not] be made to depend upon the writing down of a certain number of set words as though it were some ancient and supposed magic formula that he was undertaking to invoke. Nothing is more fundamental than that the law regards substance rather than form, so that where the applicant for a change of venue alleges and swears to those facts

upon which the statute makes his right to a change of venue depend, he is not to be foreclosed because of his lack of literal adherence to any mere form of words which the statute may employ.

*Id.* at 25; *see also State ex rel. Jakobe v. Billings,* 421 S.W.2d 16, 17 (Mo. banc 1967).

In *George L. Cousins Contracting Co. v. Acer Realty Co.,* 110 S.W.2d 885 (Mo.App. 1937), this court found an affidavit which was annexed to the petition to be insufficient. In *Cousins,* the affiant had sworn that the petition was true "to the best of his knowledge, information, and belief." *Id.* at 888. In the instant action, affiant's attestation mirrored the language held insufficient by the *Cousins'* court. The application in *Cousins,* however, had alleged as the ground for change of venue "the undue influence of the defendant over the mind of the judge." *Id.* at 887. In contrast, the motion before us detailed the facts that gave rise to wife's belief that the judge was biased and prejudiced. Under those circumstances, counsel's attestation in the present petition that the facts alleged were "true and correct, according to his best knowledge, information and belief" was sufficient to comply with the statute.[1]

■ We now turn to the sufficiency of wife's motion. Section 508.140.1 provides in pertinent part: "If reasonable notice has been given to the adverse party or his attorney of record, the court or judge, as the case may be, shall consider the application, and if it is sufficient, the judge *shall* be disqualified...." (emphasis added).

The threshold issue then is what determines if an application is "sufficient" under the statute. Initially, the judge must review the application to determine whether the petition is procedurally adequate: Does it meet the requirements of time (Section 508.120),[2] of notice (Section 508.140), as

1. We note, however, the admonition contained in *Jakobe:*

[T]o avoid questions such as are raised in this case, and in the interest of orderly pleading and procedure, attorneys would be well advised, in preparing applications and affidavits for change of venue or disqualification of a

judge, to endeavor as nearly as possible to adopt a form which is in exact compliance with the Rule.

*Jakobe,* 421 S.W.2d at 18.

2. Here, the motion was made within the five day requirement of Section 508.120. The inter-

well as of form (Section 508.130)? Next, the judge must determine whether the petition is substantively adequate: Does the petition on its face allege facts which warrant disqualification for cause under either Section 508.090.1(1) or Section 508.090.1(2)? If an application satisfies the statutory requirements, it is "sufficient" on its face. If the application is legally "sufficient" procedurally and substantively, then the judge shall be disqualified in accordance with Section 508.140.1, unless the facts alleged in the application are disputed.

█ If the facts in the application are to be controverted rather than accepted as true for purposes of the motion, a hearing on the record must be held. The majority opinion in *Berry v. Berry*, 654 S.W.2d 155, 158 (Mo.App.1983) suggested that the challenged judge is the proper arbiter to hold an evidentiary hearing as to his own fitness to hear the case.[3] The concurring opinion stated, however, that the challenged judge "should call upon another circuit judge to hear and rule the matter." *Id.* at 162. Obviously, if the challenged judge is to testify, a different judge must hear the matter. No matter who decides the disqualification issue, appellate review is limited to deciding whether the trial court's ruling on the claim of prejudice amounted to an abuse of discretion. *Id.* at 159.

In the instant action, the basis of wife's motion to disqualify was judge's bias and prejudice against her. The law is very jealous of the notion that a judge should be impartial. *Lovelady*, 691 S.W.2d at 365. It is not every prejudice, however, that rises to a level that is legally sufficient to disqualify a judge from the duty of hearing a case. If "lack of bias" or "impartiality" are defined to mean the total absence of preconceptions in the mind of a judge, "then no one has ever had a fair trial and no one ever will. The human mind is no blank piece of paper." *In re J.P. Linahan, Inc.*, 138 F.2d 650, 651–652 (2nd Cir.1943). Some preconceptions represent the community's most cherished values and ideals, and a judge should not rid himself of these. *Id.* at 652. A judge's idiosyncratic or uniquely personal prejudice, however, deserves no tolerance. *Id.*

█ Prejudice is the attitude of personal enmity towards the *party* or in favor of the adverse party to the other's detriment. It is not the mere possession of views regarding the law or the conduct of a party or of his counsel. Prejudice is in the personal sense rather than in the judicial sense. Prejudice refers to a mental attitude or a disposition of the judge towards a party: either a hostile feeling or spirit of ill-will against one of the litigants, or a favoritism towards one of them. Bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. *United States v. Grinnell Corp.*, 384 U.S. 563, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966). An impersonal prejudice resulting from background experience is insufficient.[4] *United States v. Hollis*, 718 F.2d 277, 280 (8th Cir.1983), *cert. den.*, 465 U.S. 1036, 104

vening Monday was a holiday, and Saturday and Sunday are excluded under Rule 44.01(a).

**3.** In the federal judicial system, the challenged judge determines the disqualification issue. 28 U.S.C. Section 455(a) provides: "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

**4.** On the face of a petition, the following allegations were held to be insufficient to show the prejudice necessary to compel recusal: court's rulings in the case, *Hanger v. U.S.*, 398 F.2d 91, 100 (8th Cir.1968), *cert. den.*, 393 U.S. 1119, 89 S.Ct. 995, 22 L.Ed.2d 124 (1969); in a bank robbery case, judge's disapproval of bank robberies, *Garton v. State*, 454 S.W.2d 522, 526 (Mo.1970); erroneous trial court rulings, *State v. Crow*, 388 S.W.2d 817, 822 (Mo.1965), *cert. den.*, 383 U.S. 914, 86 S.Ct. 901, 15 L.Ed.2d 668 (1966); judge's misstatement of the law, *Capps v. Capps*, 715 S.W.2d 547, 551 (Mo.App.1986); judge's wife's position as homeroom teacher to one of the parties' children when she was not being called to testify on the merits of proceeding, *Berry*, 654 S.W.2d 155; judge's refusal to permit defendant to practice law in his court because he was not a member of the bar, *State v. Tyler*, 587 S.W.2d 918, 929 (Mo.App.1979); and in denying a motion for mistrial, judge's remarks which tended to brow-beat defendant, *State v. Turner*, 320 S.W.2d 579, 583 (Mo.1959).

S.Ct. 1309, 79 L.Ed.2d 707 (1984). A judge should withdraw from a case only when the facts show prejudice to such an extent so as to evince a fixed prejudgment and to preclude a fair weighing of the evidence. *See Lovelady,* 691 S.W.2d at 367–368 (judge's recusal compelled because of language and conduct which indicated a fixed prejudgment of criminal defendant's tendered defense of mental disease or defect).

In this case, the motion for change of judge was procedurally adequate and on its face alleged facts which were indicative of a prejudice, or a possible prejudice, on the part of judge against one of the parties to the dissolution action. Judge's comments that the issues in the present dissolution proceeding were similar to, and might be resolved in the same manner as, his own dissolution action not only pertained to matters which are highly personal in nature but also involved issues which are commonly perceived as emotionally laden. Judge's personalized opinion was a harbinger of a predisposition in the case and was legally sufficient to raise the specter of bias relevant to this action. At the very least, under the statute, wife was entitled to a hearing on the record on her motion to disqualify.

In addition, Rule 2, Canon 3 C(1) of the Code of Judicial Conduct provides that "[a] judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances" specified in the rule. Thus, the canon is broader than the statute. First, the four subparagraphs of Rule 2, Canon 3 C(1), which set forth the circumstances for disqualification, are a clear directive to disqualify. *Berry,* 654 S.W.2d at 163 (Dixon, J., concurring). When one of these causes to recuse appears, a judge must do so. *Id.* Moreover, the phrase, "including but not limited," signifies that a judge's duty to disqualify is not confined to the factors listed in the subparagraphs, but

is much broader. Second, Rule 2, Canon 3 C(1) commands the disqualification of a judge if "his impartiality might reasonably be questioned." *See Grant v. State,* 700 S.W.2d 170, 171 (Mo.App.1985). Thus, under the canon, the test is not whether actual bias and prejudice exist, but whether a reasonable person would have factual grounds to doubt the impartiality of the court. *Berry,* 654 S.W.2d at 164 (Dixon, J., concurring). If, on the record, a reasonable person would find an appearance of impropriety, the canon compels recusal. *Id.*

It would appear that the alleged facts set forth in wife's motion satisfied the test of disqualification under the canon even more clearly than under the statutes. Based upon judge's comments about his own dissolution, a reasonable person could have suspected judge's partiality. A reasonable person could have perceived judge's statements not only as tantamount to comments on disputed matters in the present action but also as indicative of an alignment with one of the parties to the action. Clearly, a reasonable person could have questioned whether the court's judgment would have been tainted by the emotions and preconceptions that judge harbored as a result of his own dissolution proceeding. Again, at the very least, wife was entitled to a hearing on the record on the disqualification issue. We suggest that the procedures for recusal under the canon closely follow those proposed by the statutes.[5]

In summary, when a litigant seeks to disqualify a judge for cause, the judge should adhere to the following procedures. First, the challenged judge should determine if the motion is procedurally adequate: Does it meet the statutorily prescribed requirements of time, of notice, and of form? Next, the judge should determine whether the petition is substantively adequate: Does the petition allege facts which warrant disqualification for cause

---

5. As a result of the disqualification of a judge, it is inevitable that some delay occurs in the adjudication of the case assigned to that judge. Under Rule 51.05, because of the time constraints, the delay is minimal. Challenges for cause, under either the statutes or canon, are rare

because of the stringent procedural and substantive requirements for such an application and because of the professional reticence of attorneys to file spurious motions. Spurious motions can be dealt with under Rule 55.03 relating to sanctions.

pursuant to the statutes? If the motion is procedurally inadequate and if, on its face, it fails to state a cognizable reason for recusal, the judge should deny the motion to disqualify. If, however, the motion is procedurally and substantively sufficient, the judge is faced with two options: either to grant the motion; or, if the facts in the motion are to be controverted, to hold a hearing on the record, whether requested or not, to determine the disqualification issue. If the challenged judge is to testify, the hearing must be held before another judge. These minimal procedures are necessary because, in the face of a proper application for a change of judge, the judge lacks jurisdiction to proceed in the action in which his impartiality is questioned.

We therefore make the writ of prohibition absolute.[6] We prohibit judge from taking any further action in the underlying case, other than to grant wife's motion for disqualification or to proceed in a manner not inconsistent with this opinion.

GARY M. GAERTNER and GRIMM, JJ., concur.

6. Judge's motion for "frivolous appeal" is denied.