STATE ex rel. AMERICAN FAMILY
MUTUAL INSURANCE
COMPANY, Relator,

v.

The Honorable Jack L. KOEHR, Judge
of the Circuit Court of the City of
St. Louis, Missouri, Respondent.

No. 61488.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 19, 1992.

Robert J. Wulff, Amelung, Wulff & Willenbrock, St. Louis, for relator.

Michael G. Beck, Clayton, for respondent.

CRANDALL, Presiding Judge.

Relator, American Family Mutual Insurance Company, seeks a writ of prohibition to prevent respondent, the Honorable Jack L. Koehr, from proceeding in the case of *Laura Etrula Higginbottom v. Christopher Pike, et al.*, No. 912–07523, an action for damages for bodily injury pending in the Circuit Court of the City of St. Louis. On February 24, 1992, we issued our preliminary order in prohibition. We now make the writ of prohibition absolute.

The record on appeal is sparse. By way of background, Laura Etrula Higginbottom and her son, Joseph Higginbottom (son), originally brought an action in the Circuit Court of St. Louis County (County) against Christopher Pike (Pike) for personal injuries sustained in an automobile accident. Mrs. Higginbottom was a passenger in the car driven by her son which collided with a car driven by Pike. Mrs. Higginbottom later added relator as a party defendant, because the insurance policy issued by relator to son provided underinsured motorist coverage. Mrs. Higginbottom then filed, by leave of court, a second amended petition in County, adding her son as a defendant. Thereafter, Mrs. Higginbottom dismissed, without prejudice, the second amended petition in County.

Mrs. Higginbottom then brought the underlying action in the Circuit Court of the City of St. Louis (City) against the same three defendants as in the County action; namely, Pike, relator, and son. On January 17, 1992, relator filed an application for change of venue for cause, citing Rule 51.04 and alleging that the inhabitants of the City of St. Louis were prejudiced against it. The application was accompanied by a notice of a hearing which was set for February 4, 1992. Mrs. Higginbottom did not file a denial. On February 4, after a hearing at which relator presented no evidence of prejudice against it, the Honorable Jack L. Koehr (respondent) overruled relator's application for change of venue

and held that "despite no denial being filed by [Mrs. Higginbottom], ... no prejudice has been shown by [relator]." Later that same day, Mrs. Higginbottom filed a denial of all allegations and a motion to amend the order. Pursuant to Mrs. Higginbottom's request to amend, respondent amended his order on February 11 and found that "there could be no convenient, unprejudiced forum with respect to [relator] if in fact the [City] is prejudiced against [relator]...." On February 7, prior to respondent's entering the amended order, relator filed its petition for writ of prohibition and/or mandamus, seeking to compel respondent to comply with Rule 51.04.

 Prohibition is an independent proceeding to correct or prevent judicial proceedings that lack jurisdiction. *State ex rel. Wesolich v. Goeke,* 794 S.W.2d 692, 694 (Mo.App.1990). Prohibition is appropriate to compel a trial judge to comply with the rules of the Supreme Court of Missouri where there is no adequate remedy by appeal. *State ex rel. Williams v. Mauer,* 722 S.W.2d 296, 297 (Mo. banc 1986). A preliminary rule in prohibition will be made absolute only where there is a clear excess of jurisdiction. *Id.*

 Rule 51.04 sets forth the procedure for obtaining a change of venue for cause if the inhabitants of the county are prejudiced against the party applying for a change of venue. The rule provides in relevant part:

> (b) The application for change of venue must be filed at least thirty days before the trial date or within five days after a trial date is fixed, whichever date is later.
>
> (c) A copy of the application and a notice of the time when it will be presented to the court must be served on all parties.
>
> (d) The application shall set forth the cause or causes for the change of venue. It need not be verified and may be signed by the party or by an agent or attorney.
>
> (e) The adverse party, within five days after the filing of the application for change of venue, may file a denial of the cause or causes alleged in the application. Such denial may be signed by the party, an agent or attorney, and need not be verified. If a denial is filed, the court shall hear evidence and determine the issues. If they are determined in favor of applicant, or *if no denial is filed, a change of venue shall be ordered* to some other county convenient to the parties and where the cause or causes do not exist....

(emphasis added.)

The rules of civil procedure adopted by the Supreme Court of Missouri provide a framework for the litigation of claims. The rules should not be complicated, and litigants and their counsel should be able to rely on the plain wording of those rules.

In the instant action, relator complied with each provision of Rule 51.04. Prior to the hearing, of which she had notice, Mrs. Higginbottom did not file a denial of the prejudice alleged in relator's application for change of venue. Rule 51.04(e) specifically states that if no denial is filed, a change of venue "shall be ordered." The words "shall be ordered" are mandatory in nature and divest the trial court of any discretion in ordering a change of venue when no denial is filed.

In addition, respondent found that relator failed to prove prejudice to be entitled to a change of venue. The relator, however, must prove prejudice only if the party opposing the change of venue files a denial. In the instant action, no denial was filed, so relator was relieved of any obligation to present evidence to prove the prejudice claimed in its application.

We also note respondent in his amended order stated that there was no showing that there was a convenient, unprejudiced forum for relator. Here, relator only sought relief from the prejudice which existed in the City of St. Louis. Any prejudice which might exist elsewhere in other forums was not before respondent. The issue of the prejudice of the inhabitants of other counties was collateral to relator's application and was outside the parameters of Rule 51.04.

We, therefore, make the preliminary writ of prohibition absolute. We prohibit respondent from taking any further action in the underlying cause other than sustaining relator's application for change of venue for cause and ordering a change of venue to some other convenient county within the State of Missouri.

GARY M. GAERTNER and GRIMM, JJ., concur.