**STATE ex rel. SCHNUCK MARKETS, INC., Relator,**

v.

**The Honorable Jack L. KOEHR, Judge of the Circuit Court for the City of St. Louis, et al., Respondents.**

No. 75409.

Supreme Court of Missouri, En Banc.

Aug. 17, 1993.

Michael G. Re, Russell F. Watters, St. Louis, for relator.

Bradford Kessler, Stephen M. Ryals, Clayton, for respondents.

LIMBAUGH, Judge.

This is an original proceeding in mandamus in which relator, Schnuck Markets, Inc., seeks to compel respondents, Judge Jack L. Koehr of the Circuit Court of the City of St. Louis and Judge Kenneth M. Romines of the Circuit Court of St. Louis County, to transfer the case styled *Perez v. Schnuck Markets, Inc.*, from the City of St. Louis to St. Louis County. The petition for writ of mandamus was originally filed in the Court of Appeals, Eastern District, where it was summarily denied. We then issued our preliminary writ, which we now make absolute.

At issue is whether a judge, after ordering a change of venue for cause, may vacate that order when the party in opposition to the change files a written denial of cause *after* entry of the original order.

The underlying case was filed by plaintiff Margarita Orta Perez in the Circuit Court of the City of St. Louis. Perez sought compensation from defendant, Schnuck Markets, Inc. [Schnuck], for injuries she allegedly sustained as a result of a slip and fall on Schnuck premises.

Schnuck filed an application for change of venue on Tuesday, June 9, 1992. To establish cause for the change, as required

under Rule 51.04(a), Schnuck's application stated that the inhabitants of the City of St. Louis were prejudiced against Schnuck and that Perez and her attorney had an undue influence over those inhabitants. The application was accompanied by a notice of a hearing to be held on June 22. Schnuck made service of the application and notice by mail.

On Wednesday, June 10, Perez' counsel telephoned Schnuck's counsel to request that the hearing date be changed to Thursday, June 18th, so that the motion for a change of venue could be consolidated for argument with other motions pending in the case. When Schnuck agreed, Perez noticed the new hearing date.

At the June 18 hearing, Judge Koehr sustained Schnuck's motion for change of venue and entered an order transferring the case to the Circuit Court of St. Louis County "upon payment of applicable fees." Later that same day, Perez filed a written denial of cause for change of venue and also filed a motion to reconsider the earlier ruling. The next day, June 19, Schnuck paid the applicable transfer fees and the case file was transferred to the county.

On July 7, with the case pending in the county, Judge Koehr sustained Perez' motion to reconsider and vacated his earlier order transferring venue to the county. In response, and upon Perez' motion, Judge Kenneth M. Romines of the Circuit Court of St. Louis County retransferred the case to the city where it is now pending.

■ Citing *State ex rel. Peabody Coal Co. v. Powell*, 574 S.W.2d 423 (Mo. banc 1978), Schnuck asserts that Judge Koehr had no authority to vacate his original order. In *Peabody*, the trial judge sustained defendant's application for a change of venue for cause and entered an order transferring venue to St. Louis County. Defendant then appeared *ex parte* and requested that the case be retransferred to a different county. When the trial court rescinded its original order of transfer, plaintiff-relator petitioned for a writ of prohibition. The case turned on Rule 51.13, which states:

A court which has granted a change of venue shall have the power to annul the order, with consent of the parties, at any time before the papers or transcript are filed in the court to which the venue was changed.

This Court, in issuing the writ, held that the authorization to annul an order granting a change of venue "with consent of the parties" prohibited, by implication, the annulment of an order without the parties' consent.

As in *Peabody*, the parties in this case did not consent to the annulment. Nevertheless, respondents attempt to distinguish *Peabody* by suggesting that the time for filing a denial of cause under Rules 51.04(e), 44.01(a) and 44.01(e) had not expired when the original order of transfer was entered and that Judge Koehr therefore maintained jurisdiction to recall the case.

Rule 51.04(e) provides the method by which a party may challenge a motion for a change of venue. That rule states:

The adverse party, within five days after the filing of the application for change of venue, may file a denial of the cause or causes alleged in the application.... If a denial is filed, the court may hear evidence and determine the issues. If they are determined in favor of applicant, or if no denial is filed, a change of venue shall be ordered to some other county convenient to the parties and where the cause or causes do not exist.[1]

Under this rule, Perez' written denial was due within five days of Tuesday, June 9, 1992, the date Schnuck filed its application. The five-day time period is computed under Rule 44.01(a), which provides:

In computing any period of time prescribed ... by these rules, ... the day of the act, ... after which the ... period of time begins to run is not to be included.... When the period of time pre-

---

1. The rule has since been amended to allow the adverse party ten days to file a denial after the application for a change of venue is filed. Rule 51.04 (amended June 1, 1993, effective January 1, 1994).

scribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

Thus, we begin by counting Wednesday, June 10, as day one and exclude Saturday and Sunday, the 13th and 14th, from the computation. The denial was due, therefore, on Tuesday, June 16, two days *before* the hearing.[2]

Respondents argue that Rule 44.01(e) further extended Perez' deadline for filing a denial to June 19 because service was made by mail. Rule 44.01(e) states:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon [her] and the notice or paper is served upon [her] by mail, three days shall be added to the prescribed period.

However, Rule 44.01(e) only applies to extend deadlines for a party who is required to do some act after *service upon her*. Rule 51.04(e) does not give a party the right to file a denial within five days after she is *served*, but instead gives the party the right to file a denial within five days after the application for a change of venue is *filed*. "Service" and "filing" are two different and distinct words contemplating two different and distinct acts. We cannot construe one to mean the other.

Even if Rule 51.04(e) referred to "service" rather than "filing," Perez waived her right to the three-day extension under Rule 44.01(e) by proceeding on the change of venue motion before the three days had elapsed. We will not allow Perez to use Rule 44.01(e) as an artifice to procure a second hearing on the same motion, especially where the first hearing was scheduled at Perez' express request.

■ Because no timely denial was filed, Judge Koehr was required to order a change of venue. Rule 51.04(e); *State ex rel. American Family Ins. Co. v. Koehr*, 832 S.W.2d 7 (Mo.App.1992). Once Judge Koehr entered a valid order transferring

venue to the county, he had no jurisdiction to proceed in the case other than to effect the transfer, and he could not thereafter recall the case, except upon consent of the parties. Rule 51.13; *Peabody*, 574 S.W.2d at 425, 426; 77 Am.Jur.2d *Venue § 91* (1975). Concomitantly, once venue had been properly transferred to the county, Judge Romines had no jurisdiction or authority to retransfer the case to the city.

■ A writ of mandamus will issue where a court has exceeded its jurisdiction or authority. *State ex rel. Keystone Laundry & Dry Cleaners, Inc. v. McDonnell*, 426 S.W.2d 11, 14 (Mo.1968). The writ may lie both to compel a court to do that which it is obligated by law to do and to *undo* that which the court was by law prohibited from doing. *Id.* at 15. The writ is the appropriate remedy where, as here, there exists no adequate remedy by appeal.

Accordingly, our preliminary writ in mandamus is made absolute. Judge Koehr is ordered to vacate his order of July 7, 1992, St. Louis City Circuit Court No. 912–04479, and to reinstate his order of June 18, 1992, which transferred venue to the Circuit Court of St. Louis County. Judge Romines is ordered to vacate his order dated July 29, 1992, St. Louis County Circuit Court No. 639734, which transferred venue to the Circuit Court for the City of St. Louis.

All concur.

---

**2.** Perez had actual notice of the application for a change of venue by June 10, the day after the application was filed. The sufficiency of notice is not challenged in this proceeding.