STATE ex rel. Katie M. LEIGH, Relator,

v.

Honorable Robert H. DIERKER, Jr., Judge, Circuit Court of the City of St. Louis, Missouri, Respondent.

No. 80785.

Supreme Court of Missouri, En Banc.

June 16, 1998.

Rehearing Overruled Aug. 25, 1998.

Russell F. Watters, St. Louis, for relator.

Allan R. Belliveau, St. Louis, for respondent.

PER CURIAM.

On January 14, 1997, the plaintiff in the underlying suit brought an action sounding in tort in the Circuit Court of the City of St. Louis against relator, Katie M. Leigh, arising out of an automobile accident that allegedly occurred on July 3, 1995, in Miller County, Missouri. Neither party in the underlying action resides in the City of St. Louis.

Relator filed a motion to transfer for improper venue. Respondent, with consent of the parties, entered an order holding his ruling on the motion to transfer venue in abeyance pending settlement negotiations. Respondent's order further stated that if settlement negotiations were not successful, he would transfer the cause of action to the Circuit Court of Miller County, the site of the accident.

Settlement negotiations proved unsuccessful. When respondent failed to transfer venue of this case, relator filed a second motion to transfer venue. In response, the plaintiff in the underlying action claimed that relator did not reside in Missouri. On October 22, 1997, respondent directed relator to produce an affidavit to assist in determining relator's residence. Relator failed to produce the necessary affidavit within the ten days set by the trial court. Nevertheless, respondent entered an order transferring the case to Miller County on November 4, 1997. On November 6, 1997, respondent vacated his order of November 4 transferring venue and overruled the motion to transfer venue.

### I.

Section 508.010(6), RSMo 1994, establishes venue for tort actions "where the cause of action accrued regardless of the residence of the parties." Section 508.010(1), RSMo 1994, also places venue in the county of the defendant's residence, or in the county in which the plaintiff resides and the defendant may be found. Section 508.010(4), RSMo 1994, says that when all defendants are nonresidents of the state "suit may be brought in any county in this state."

Irrespective of what other counties may offer proper venue for this case, relator's claim is that respondent lost the power to act in this case once he entered the order transferring the case to Miller County.

"A court which has granted a change of venue shall have the power to annul the order, with the consent of the parties, at any time before the papers or transcript are filed in the court in which the venue was changed." Rule 51.13. In *State ex rel. Peabody Coal Co. v. Powell*, 574 S.W.2d 423 (Mo. banc 1978), this Court held that the authorization to annul an order granting a change of venue "with consent of the parties" prohibited by implication the annulment of an order without the parties' consent.

▮ As in *Peabody*, the parties in this case did not unanimously consent to the annulment of the order changing the venue. Therefore, once respondent entered a valid order transferring venue to Miller County, he had no authority to proceed in the case other than to effect the transfer to Miller County. He could not recall the case except as provided by Rule 51.13. Rule 51.13 does not apply here because of the failure of unanimous consent of the parties.

▮ A writ of mandamus will issue where a court has exceeded its jurisdiction or authority. *State ex rel. Schnuck Markets, Inc. v. Koehr*, 859 S.W.2d 696, 698 (Mo. banc 1993). The writ will lie both to compel a court to do that which it is obligated by law to do and to undo that which the Court was by law prohibited from doing. *Id.*

Relator in this case filed a petition for a writ of prohibition. This Court has treated petitions for writs of prohibition as petitions for writs of mandamus when the remedy sought by the relator is more appropriate under mandamus practice than prohibition practice.

Treating relator's petition as a petition for a writ of mandamus, we issue our peremptory writ of mandamus ordering respondent to vacate his order of November 6, 1997, in *Estep v. Leigh*, No. 972–00114, and to reinstate his order of November 4, 1997, transferring the case to Miller County.

All concur.