STATE of Missouri, ex rel., Robert
P. McCULLOCH, Relator,

v.

Honorable Bernhardt C. DRUMM, Circuit Judge of St. Louis County, Missouri, Division 4, Respondent.

No. 75263.

Missouri Court of Appeals,
Eastern District,
Writ Division Four.

Jan. 12, 1999.

Edward F. McSweeney, Assistant Prosecuting Attorney, Clayton, for relator.

Mary Ann B. (Caradonna) Schwartz, St. Louis, for respondent.

JAMES R. DOWD, Presiding Judge.

Robert P. McCulloch, the Prosecuting Attorney of St. Louis County ("the State"), filed this original action to compel the Honorable Bernhardt C. Drumm to recuse himself from presiding over the retrial of Beverly Jaynes, No. 91CR–5258. We issued our preliminary order in prohibition on November 13, 1998. We now make our preliminary order permanent.

In the interest of justice, as permitted by Rule 84.24, we dispense with further briefing and oral argument, and make the preliminary order absolute.

▪ Though the State filed a petition for a writ of mandamus, the remedy sought is more appropriate under prohibition practice than mandamus practice. *See State ex rel. Wesolich v. Goeke,* 794 S.W.2d 692, 694 (Mo.App. E.D.1990). "Prohibition is an independent proceeding to correct or prevent judicial proceedings that lack jurisdiction. If a judge either fails to disqualify himself upon a proper application or denies the application without a proper hearing, he is without jurisdiction and prohibition lies." *Goeke,* 794 S.W.2d at 694. We therefore treat the State's petition as one for prohibition. *See State ex rel. Leigh v. Dierker,* 974 S.W.2d 505, 506 (Mo. banc 1998).

In October 1995, Judge Drumm presided over the initial trial of Beverly Jaynes, who was charged with first degree murder. Prior to trial, Judge Drumm denied Jaynes' request to waive a jury. The jury, rejecting the defense of mental disease or defect, found Jaynes guilty of first degree murder. At a hearing on Jaynes' motion for new trial, Judge Drumm disclosed the reason for his decision to deny Jaynes' request to waive a jury:

I indicated to you at the time that I refused to waive a jury in this case that the reason that I did that was because I felt that I was persuaded by all the psychiatric records that I had seen and that Ms. Jaynes did suffer from a mental disease or defect and that my objectivity was impaired and that I could not objectively conduct a trial based on a waiver and I felt it had to be submitted to a jury. And I did that because I agreed with all the psychiatric evaluations.

You know that I disagree with this jury's verdict. But at the same time that I disagree with the jury's verdict you also know that from what I have said to you previously that I believe the jury had a right to find as they did and that the finding was within their discretion and was supported by the evidence in the case. That's one of the reasons that I overruled your motion for a new trial.

. . . .

Because of everything that went on during the pretrial discussions and because of all of the pretrial discovery that occurred, and you know that there was a substantial amount of psychiatric work that was done, I felt like I was not capable of being objective. I don't think that I could look at any evidence that was presented to me and be objective in evaluating that evidence.

It was because of my previous experience with the case that prevented me from doing that. That's the explanation.

Prior to sentencing Jaynes, Judge Drumm further stated that:

Ms. Jaynes, I commented to your lawyers during the trial this was a tragedy in every respect. It's probably as much of a tragedy as I've ever seen. And I've seen some pretty substantial cases while I've been here these thirteen years.

I told your pastor who is here today, Reverend Cochran, that this was a day that I wish would not have happened. I wish I didn't have to be here today and I wish you didn't have to be here today. I wish there would be some way for me to avoid this because this is not something that I want to do.

And you already know that I have an opinion of this that's different than the opinion that the jury reached. Although I respect their right to do it and I think it was based on the evidence that was presented at the trial.

Notwithstanding the way I feel, it is my job to go ahead and sentence you now, and that's what I'm going to do.

Judge Drumm then sentenced Jaynes to life imprisonment without the possibility of parole.

On July 22, 1997, this Court, determining the trial court erroneously admitted hearsay evidence prejudicial to Jaynes, reversed the judgment and remanded the case for a new trial. *See State v. Jaynes,* 949 S.W.2d 633 (Mo.App. E.D.1997). After the case was remanded, defense counsel indicated to Judge Drumm that the defense at the second trial would be identical to the defense at the first trial, other than for a request for a diminished capacity instruction. Judge Drumm then ordered all psychiatrists and psychologists who had examined Jaynes for the first trial to reexamine her for competency as well as for diminished capacity.

Judge Drumm set the trial for November 16, 1998. On November 9, 1998, Judge Drumm agreed to allow Jaynes to waive a jury but did not alter the trial date. Thereafter, the State filed its Motion for Change of Judge for Cause Based on Court's Decision to Allow Bench Trial When Judge's Impartiality Might Reasonably Be Questioned, Or, in the Alternative, State's Motion for Judge to Recuse Himself and Request for a Different Judge to Review This Motion. The Honorable Robert S. Cohen agreed to hear the State's motion on November 10, 1998. At the hearing, Judge Drumm testified that even though he had formed opinions on the case at that time, he would not let his former opinions on the issue of mental disease or defect affect his judgment in the upcoming jury-waived trial.

At the conclusion of the hearing, Judge Cohen stated that, based on his personal familiarity with Judge Drumm and Judge Drumm's testimony he believed Judge Drumm could be fair to both sides in the case and would decide the case fairly and objectively. He then denied the State's motion. The State then filed this action.

■ We do not doubt that Judge Drumm would fairly and impartially conduct the trial. However, actual bias or partiality is not the standard. Canon 3(D) of the Code of Judicial Conduct found in Rule 2 provides that "[a] judge should recuse in a proceeding in which the judge's impartiality might reasonably be questioned," including where the judge "has a personal bias or prejudice concerning the proceeding." Under Canon 3(D), the test is not whether actual bias or prejudice exist, but whether a reasonable person would have factual grounds to doubt the impartiality of the judge. *State ex rel. Wesolich v. Goeke,* 794 S.W.2d at 698. Our review must be based on the objective facts of the record from the standard point of a reasonable and disinterested bystander, unacquainted with the personality, the integrity and dedication of the judge. *State v. Lovelady,* 691 S.W.2d 364, 367 (Mo.App. W.D.1985). If the record demonstrates that a reasonable person would find an appearance of impropriety, recusal is compulsory. *State v. Nunley,* 923 S.W.2d 911, 918 (Mo. banc 1996), *cert. denied,* 519 U.S. 1094, 117 S.Ct. 772, 136 L.Ed.2d 717 (1997); *Goeke,* 794 S.W.2d 692, 698 (Mo.App. E.D.1990).

■ Based on Judge Drumm's comments at the hearing on Jaynes' motion for new trial and his testimony on the State's motion for change of judge, we conclude that a reasonable person could find an appearance of impropriety. According to the record, Judge Drumm stated that he could not be objective at the original trial because he had made up his mind with respect to the issue of whether Jaynes suffered from a mental disease or defect based on the psychiatric reports filed in the case. Although he states that he no longer has specific recollection of the psychiatric reports, Judge Drumm acknowledges that he still retains sense impressions from reviewing those reports. Should Judge Drumm hear the case and acquit defendant based on her defense that she suffered from a mental disease or defect, a reasonable and disinterested bystander unfamiliar with Judge Drumm's personality and integrity could reasonably conclude that, despite his best intentions, the decision was influenced by his previously expressed conclusions. On the other hand, should Judge Drumm hear the case and convict defendant based on the same evidence presented before, defendant

might well claim she was improperly induced to waive a jury in reliance on Judge Drumm's earlier comments. Either way, there is an appearance of impropriety and recusal is therefore required.

Contrary to defendant's contention, requiring Judge Drumm to recuse himself does not deprive her of her right to waive a jury. Defendant will retain the right to waive a jury upon designation of a new judge. However, the fact that she asserts this claim reinforces the view that her waiver has been influenced, at least in part, by Judge Drumm's earlier comments. In order to ensure that defendant's prior waiver of a jury is not tainted by such considerations, we specifically direct that defendant be afforded an opportunity to withdraw her waiver following designation of a new trial judge.

The writ in prohibition is made absolute. We prohibit Judge Drumm from taking any further action in the underlying case, other than to grant the State's motion for change of judge or to proceed in a manner not inconsistent with this opinion.

CLIFFORD H. AHRENS, J., and LAWRENCE G. CRAHAN, J., concur.