**STATE of Missouri, ex rel. AMOCO OIL COMPANY, Relator,**

v.

**The Honorable William W. ELY, Judge, Circuit Court of Jackson County at Independence, Missouri, Respondent.**

No. WD 55256.

Missouri Court of Appeals, Western District.

May 25, 1999.

Earl W. Taff, Kansas City, for Relator.

Kenneth B. McClain, II, Independence, James R. Borthwick, Kansas City, for Respondent.

Before HOWARD P.J., SMART and RIEDERER, JJ.

ALBERT A. RIEDERER, Judge.

This is an original action in prohibition. We issued a preliminary writ, which we now dissolve.

Relator Amoco Oil Company is a defendant in the case of *City of Independence, et al., v. Amoco Oil Company, et al.,* pending before the Honorable William W. Ely, the Respondent herein, in Division 2 of the Circuit Court of Jackson County, Missouri at Independence. The suit involves claims alleging environmental conditions at the Relator's former refinery in Sugar Creek, Missouri, have diminished property values and interfered with the construction of a proposed roadway.

On August 21, 1997, Relator filed a motion for change of venue pursuant to Rule 51.04. On September 12, 1997, Respondent Ely overruled and denied Relator's motion for change of venue. On December 22, 1997, Relator filed its petition for a writ of prohibition seeking that Respondent be prohibited from proceeding further with this matter beyond ordering a change of venue. Relator claims that since the opposing parties in the lawsuit had not filed a denial in response to the motion for change of venue, pursuant to Rule 51.04(e) the court had no jurisdiction to do any act except grant the change of venue. On December 22, 1997, the plaintiffs in the underlying lawsuit filed, pursuant to 51.04(e) and (c), a motion to enlarge the time to deny the causes alleged in the application for change of venue. On that same day, Respondent granted the motion to enlarge time. The plaintiffs also filed on that same day, December 22, 1997, a motion to vacate the order overruling the motion for a change of venue. Respondent, on that same day, granted the motion to vacate. Then, on December 29, 1997,

the plaintiffs filed a denial of the application for change of venue. This court thereafter issued its preliminary order in prohibition, directed the parties to brief the issue in accordance with Rule 84.24 and subsequently heard argument on the matter.

"Prohibition is an independent proceeding to correct or prevent judicial proceedings that lack jurisdiction. Prohibition is appropriate to compel a trial judge to comply with the rules of the Supreme Court of Missouri where there is no adequate remedy by appeal." *State ex rel. American Family Mutual Insurance Co. v. Koehr,* 832 S.W.2d 7, 8 (Mo.App. 1992) (citations omitted). Only where there is a clear excess of jurisdiction will a preliminary rule in prohibition be made absolute. *Id.*

Rule 51.04, entitled "Change of Venue From Inhabitants for Cause – Procedure," provides in pertinent part as follows:

> (a) A change of venue may be ordered in any civil action tryable by jury for the following causes:
>
> > (1) That the inhabitants of the county are prejudiced against the applicant; or
> >
> > (2) That the opposite party has an undue influence over the inhabitants of the county.
>
> (b) The application for change of venue must be filed at least thirty days before the trial date or within ten days after a trial date is fixed, whichever date is later.
>
> (c) A copy of the application and a notice of the time when it will be presented to the court must be served on all parties.
>
> (d) The application shall set forth the cause or causes for the change of venue. It need not be verified and may be signed by the party or by an agent or attorney.

(e) The adverse party, within ten days after the filing of the application for change of venue may file a denial of the cause or causes alleged in the application. Such denial may be signed by the party, an agent or attorney, and need not be verified. If a denial is filed, the court shall hear evidence and determine the issues. If they are determined in favor of applicant, or if no denial is filed, a change of venue shall be ordered to some other county convenient to the parties and where the cause or causes do not exist. The court may enlarge the time for filing a denial as provided in Rule 44.01(b).

Relator argues that the order denying its motion was improper in that the circuit court exceeded its jurisdiction under Rule 51.04. Relator claims that Rule 51.04 sets forth the direction that the circuit court must take when no denial is filed in opposition to a motion for change of venue and that the circuit court has no discretion under those circumstances. Relator relies on the language of 51.04(e), stating that "If a denial is filed, the court shall hear evidence and determine the issues. If they are determined in favor of the applicant, or if no denial is filed, a change of venue shall be ordered to some other county convenient to the parties and where the cause or causes do not exist." Relator argues that where no denial is filed, within ten days of the date when the application is filed, the circuit court is left without discretion. Relator claims the language is mandatory, and that Missouri courts consistently hold that the trial court has no discretion when a timely denial is not filed. Relator relies on *State ex rel. Schnuck Markets, Inc. v. Koehr*, 859 S.W.2d 696, 698 (Mo. banc 1993) and *American Family*, 832 S.W.2d 7. Relator claims that the facts in *American Family* are identical to those in this case, and therefore the same result should be achieved. Specifically, the court's preliminary writ of prohibition should be made permanent. However, the facts in *American Family* are not identical to the facts

under consideration here. In *American Family*, 832 S.W.2d at 7, "The application was accompanied by a notice of a hearing which was set for February 4, 1992. Mrs. Higginbottom did not file a denial." The court went on to note:

In the instant action, relator complied with each provision of 51.04. Prior to the hearing, of which she had notice, Mrs. Higginbottom did not file a denial of the prejudice alleged in relator's application for change of venue. Rule 51.04(e) specifically states that if no denial is filed, a change of venue "shall be ordered." The words "shall be ordered" are mandatory in nature and divest the trial court of any discretion in ordering a change of venue when no denial is filed.

*Id.* at 8.

Therefore, according to *American Family*, when the moving party complies with each provision of Rule 51.04, including the provisions for providing the opposing party notice under 51.04(c), and the opposing party does not file a denial, the trial court is divested of any discretion in ordering a change of venue. Since the moving party in this case did not "comply with each provision of Rule 51.04," *American Family* does not control.

Likewise, *Schnuck*, 859 S.W.2d 696 is distinguishable. In that case, the court noted at the outset, "At issue is whether a judge, after ordering a change of venue for cause, may vacate that order when the party in opposition to the change files a written denial of cause *after* entry of the original order." *Id.* (emphasis added). When the motion for change of venue was filed, the court noted that the application was accompanied by a notice of a hearing to be held on June 22. Schnuck made service of the application *and notice* by mail. The *Schnuck* court did not have before it the issue of whether failure of the opposing party to file a denial deprives the trial court of jurisdiction to overrule the motion when the moving party has failed to provide notice as required by Rule

51.04(c). Nor did the *Schnuck* court decide that issue.

Respondent argues that the Relator's motion for change of venue was properly overruled because the Relator failed to provide notice of hearing as required by Rule 51.04: "a copy of the application and a notice of the time when it will be presented to the court must be served on all parties." Respondent relies on *State ex rel. Director of Revenue v. Scott*, 919 S.W.2d 246, 248 (Mo.1996), stating that, "The purpose of the notice of hearing requirement is to allow the opposing party the opportunity to contest the application." *Id.* at 248. However, *Scott* is not dispositive. *Scott* involved a motion for a change of judge under 51.05, which rule contains a provision identical to 51.04(c): "a copy of the application and notice of the time when it will be presented to the court shall be served on all parties." Rule 51.05(c). The *Scott* court noted that the right to a change of judge "is a highly prized right which we have liberally granted." *Id.* at 247. The court in *Scott* pointed out that the adverse parties not only had knowledge of the hearing date, but they had set the hearing themselves. The court further noted that each of the parties had a full opportunity to present any evidence or argument opposing the request for a change of judge. The court went on to state that the only argument presented was the lack of notice of a time of a hearing which was required to be included in the application. The court then held:

> Such a thin procedural argument alone cannot defeat such a significant right. We hold that the failure to include the notice of a date for hearing in an application for a change of judge under Rule 51.05 is not fatal when the application was otherwise *timely filed and timely served* upon the opposing party, a hearing was held in which the opposing parties had an opportunity to contest the application, and no other cause for denying the motion was presented or apparent to the court.

*Id.* at 248.

The court stated, "The trial court's duty in this instance, however, was not discretionary." *Id.* The case under consideration is different from *Scott*. In our case, there was no hearing, there was no opportunity to contest the application, and the granting of a change of venue under 51.04 is discretionary. Therefore, the *Scott* decision is not dispositive of the issue before us.

In reply, Relator argues that Rule 51.04 does not state that the notice must be served with the application, and that, therefore, once Relator filed its motion for a change of venue, it was incumbent on Relator's opponents in the underlying action to file any denial of Relator's application within ten days of the date when the application was filed. Relator claims that the triggering event, requiring a hearing or notice of a time when Relator's application would be presented to the court, was the filing of any denial by the adverse party. In relying on *Scott*, Relator argues that "failure to provide notice is not fatal" because the substantive right to a fair trial is at stake and should not be denied by a "thin procedural argument." *See* Scott, 919 S.W.2d at 247. However, *Scott* does not help Relator in this regard. The "thin procedural argument" referred to in *Scott* was the argument that the party had not been given notice of the hearing, yet that argument was being made at the very hearing of which, it was claimed, there was no notice. In our case, there was no hearing nor notice. We also note that the right being protected in our case is not "the right to a fair trial" but rather the right to a change of venue.

Rule 51.04 provides that a change of venue *may* be ordered if the inhabitants of the county are prejudiced against the applicant. Rule 51.04(a). Relator alleged such prejudice in its motion for change of venue filed August 21. Relator served on all parties a copy of the application, as

required by Rule 51.04(c). However, Relator did not comply with the rest of Rule 51.04(c), which provides: "A copy of the application *and a notice* of the time when it will be presented to the court must be served on all parties." (emphasis supplied). Therefore, the issue is whether Relator was required to file such notice to trigger the running of the ten days within which the opposing party must file its denial. We hold that it does.

In *State ex. rel. Jackson v. Thompson,* 661 S.W.2d 677, 678–79 (Mo.App.1983), this court addressed the question of "whether the application is complete and in proper form without the notice of the time when it will be presented to the court." That case involved an application for both a change of venue and a change of judge in a criminal case. The court examined the language: "A copy of the application and notice of the time when it will be presented to the court shall be served on all parties." After reviewing the history of the rule, the court noted that these precedents "clearly indicate" that such motions "must be accompanied by a reasonable notice of the time when the motions will be presented to the court." *Id.* at 679. The court held:

> The present rules, significantly *in the conjunctive,* require that a notice of presentment for hearing be served on the opposing party. That was not done in proper form. Since it was not in proper form and complete, the trial court was not without authority, despite the apparent mandatory direction under the rule to sustain the motions for change of venue and for change of judge, to overrule the motions.

*Id.* Although there is no case exactly on point, we agree with the conclusion in *Thompson.* This conclusion is consistent with the purpose of the rule, which is to assure fairness to the litigants, and to promote a fair and efficient mechanism for the resolution of disputes. *Jorgensen v. City of Kansas City,* 725 S.W.2d 98, 105 (Mo.App.1987). It is also consistent with the principle that the rules of procedure are to be liberally construed to promote justice and minimize the number of cases disposed of on procedural questions. *Jos. A. Bank Clothiers, Inc. v. Brodsky,* 950 S.W.2d 297, 302 (Mo.App.1997).

We conclude, therefore, that Relator's application was not in proper form and did not comply with all the provisions of Rule 51.04(c). Thus, the court was not without authority to overrule the motion. The preliminary writ is dissolved.

All concur.