**STATE of Missouri ex rel., Kenneth SVEJDA, Relator,**

v.

**The Honorable Marco A. ROLDAN, Judge, Circuit Court of Jackson County, Missouri, Respondent.**

No. WD 61266.

Missouri Court of Appeals, Western District.

Nov. 12, 2002.

---

**3.** And a valid argument. *See State v. Nations,* 676 S.W.2d 282, 284 (Mo.App.1984).

Rebecca S. McGinley, Overland Park, KS, for relator.

Douglas R. Horn, Laurie L. Del Percio, Horn Law Firm, P.C., Independence, MO, for respondent.

Before THOMAS H. NEWTON, P.J., PATRICIA A. BRECKENRIDGE and JAMES M. SMART, JJ.

THOMAS H. NEWTON, Presiding Judge.

## I.  Background

This original proceeding in mandamus springs from a dispute over the release of raw neuropsychological test data.  In the underlying personal injury lawsuit, plaintiff Sharon Diffey seeks damages for mental anguish.  Her treating psychologist, Dr. Dennis Cowan, refuses to disclose her raw test data directly to counsel for relator/defendant Kenneth Svejda, citing the ethical principles of psychologists that purportedly constrain him from so doing.[1]  Dr. Cowan argues that these rules allow him to disclose the raw data only to persons qualified to use and interpret such data.  Dr. Cowan is willing to provide the raw data directly to any qualified expert named by Mr. Svejda.

Mr. Svejda filed a Motion to Enforce Discovery in the trial court, seeking, among other things, to compel the production of the data sought directly to his attorneys.  The trial court denied Mr. Svejda's motion to disclose the data, based upon the ethical principles cited by Dr. Cowan.  We issued a preliminary order in mandamus, commanding the trial court not to take any further action except to permit disclosure of the raw data to an expert designated by Mr. Svejda.  After additional briefing, we now make our writ absolute as modified.

## II.  Discussion

"A writ of mandamus will issue where a court has exceeded its jurisdiction or authority."  *State ex rel. Schnuck Markets, Inc. v. Koehr,* 859 S.W.2d 696, 698 (Mo. banc 1993).  "The writ may lie both to compel a court to do that which it is obligated by law to do and to *undo* that which the court was by law prohibited from doing."  *Id.* Mandamus is appropriate here only if Mr. Svejda has a "clear and unequivocal right that presently exists."  *State ex rel. Tennill v. Roper,* 965 S.W.2d 945, 947 (Mo.App. W.D.1998) (citing *State ex rel. Chassaing v. Mummert,* 887 S.W.2d 573, 576 (Mo. banc 1994)).

Here, Mr. Svejda claims the right to obtain Ms. Diffey's raw test data under Missouri's discovery rules.  Under those rules, parties generally "may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action...."  Rule 56.01(b)(1).[2]  "It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*

Ordinarily, the psychologist-patient privilege would limit discovery of Ms. Diffey's

---

1.  Our analysis does not turn on whether Dr. Cowan's interpretation of those principles is correct.  We do not address that issue here.

2.  All rule references are to the Missouri Supreme Court Rules (2002).

psychological records. § 491.060(5);[3] *State ex rel. Crowden v. Dandurand,* 970 S.W.2d 340, 342 (Mo. banc 1998) (recognizing that medical records generally fall within physician-patient privilege). *See also* § 337.055. By putting her mental condition at issue in this case, however, Ms. Diffey has waived the privilege, making those records discoverable under Rule 56.01. *Cline v. William H. Friedman & Assoc., Inc.,* 882 S.W.2d 754, 761 (Mo.App. E.D.1994) ("Once a party places the matter of his physical or mental condition in issue under the pleadings, the party waives the privilege with respect to any information bearing on the issue.").

We do not find any exception to Missouri's broad discovery rules that permits a psychologist to interpose his profession's ethical principles to bar otherwise legitimate discovery. On the contrary, Rule 56.01(b)(1) plainly says that a party "may obtain discovery regarding *any* matter, not privileged, which is relevant to the subject matter involved in the pending action ...." (emphasis added). A psychologist such as Dr. Cowan should not be able to unilaterally interpret his professional rules and then decide that they bar discovery under this state's legal system. While we acknowledge and appreciate the ethical principles governing Dr. Cowan's work, those principles must yield to Missouri's legal rules governing discovery of evidence.

We also acknowledge and appreciate Dr. Cowan's concerns about potential professional repercussions stemming from the disclosure of Ms. Diffey's raw testing data. The trial court may fashion an order to address this issue. In its authority to control discovery, the trial court may fashion a protective order under Rule 56.01(c) that restricts counsel's dissemination of the raw test data to people other than duly designated experts.

## III. Conclusion

For the reasons explained above, we now make absolute our writ of mandamus, as modified. Because Ms. Diffey's raw test data is discoverable under Rule 56.01, Dr. Cowan must produce these data directly to Mr. Svejda's attorneys, as requested. Accordingly, we direct the trial court to order production of this material to counsel for Mr. Svejda, subject to the trial court's authority to enter a protective order under Rule 56.01(c) restricting dissemination beyond counsel and experts if appropriate.

PATRICIA A. BRECKENRIDGE and JAMES M. SMART, JR., JJ., concur.

---

**3.** All statutory references are to RSMo (2000).