# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned November 21, 2013

## SANDRA BUCKLER HALL, INDIVIDUALLY AND ON BEHALF OF HER MINOR SON, FELIX HALL v. PAUL D. RANDOLPH JR., M.D., PERSONAL REPRESENTATIVE AND NEXT OF KIN OF PAUL D. RANDOLPH, SR., M.D.

**Interlocutory Appeal from the Circuit Court for Shelby County**
**No. CT-005696-02      Gina C. Higgins, Judge**



**No. W2013-02571-COA-T10B-CV - Filed January 14, 2014**

The trial court denied Defendant physician's motion to recuse following the trial judge's disclosure of an earlier patient-physician relationship with Defendant's expert witness.  Defendant filed an interlocutory appeal as of right pursuant to Rule 10B of the Tennessee Supreme Court Rules. Finding that the circumstances require recusal, we reverse.

**Tenn. S. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Emily Turner Landry and Jill M. Steinberg, Memphis, Tennessee, for the appellant, Paul D. Randolph, Jr., M.D., on behalf of Paul D. Randolph Sr., M.D.

Louis P. Chiozza, Jr., Memphis, Tennessee, for the appellee, Sandra Buckler Hall, individually and on behalf of her minor son Felix Hall.

## OPINION

This appeal comes to us pursuant to Tennessee Supreme Court Rule 10B, which permits an interlocutory appeal as of right of a trial court's denial of a motion to recuse filed on or after July 1, 2012.[1]  The underlying action is one for medical malpractice that was originally filed by Plaintiff

---

[1]Supreme Court Rule 10B, § 2.01 provides:

(continued...)

Sandra Buckler Hall (Ms. Hall) in 2002. It arises from allegations of severe and permanent injuries allegedly caused by Defendant's negligence during the labor and delivery of Ms. Hall's child, who was born prematurely in 1994.

This action has a long procedural history, including the death of Defendant Paul D. Randolph, Sr., M.D. in 2003, the substitution of Paul D. Randolph Jr., M.D. ("Dr. Randolph") as Defendant in his capacity as Administrator ad litem in July 2004, and the transfer of the matter in February 2012 from Division III of the Shelby County Circuit Court to Division IV following disclosure of a potential conflict by the initial trial judge in December 2011. The matter was set for trial by jury to begin on November 12, 2013. On October 31, 2013, the trial judge disclosed that, in 2005, she had undergone surgery performed by Joseph DeWane, M.D. ("Dr. DeWane"), an expert witness scheduled to testify on behalf of Dr. Randolph.

Although Ms. Hall did not object, Dr. Randolph filed a motion for recusal of the trial judge on the basis that her impartiality might reasonably and objectively be questioned where she had undergone surgery performed by Dr. DeWane, Dr. Randolph's expert witness regarding the standard of care. Dr. Randolph also asserted that, after waiving any objection, Ms. Hall subsequently asserted an objection to a potential conflict disclosed by the initial trial judge, causing the matter to be transferred in 2012. Dr. Randolph asserted "a reasonable person might reasonably question whether Plaintiff's proven propensity to use Your Honor's disclosure against Your Honor creates a subconscious fear of ruling against Plaintiff." Finally, Dr. Randolph asserted that the trial judge's former physician-patient relationship with Dr. DeWane reasonably could impact her evaluation of Dr. DeWane's credibility and impact her evaluation as thirteenth juror. Dr. Randolph asserted that the trial judge should recuse herself to avoid a perception of impartiality. Following a hearing on November 4, 2013, the trial court denied the motion and Dr. Randolph filed a petition for recusal appeal in this Court as provided by Rule 10B, § 2.02. On November 25, 2013, we ordered Ms. Hall to file an answer as provided by Rule 10B, § 2.05. Ms. Hall filed her answer on December 6, 2013.

***Discussion***

Dr. Randolph asserts the trial court erred by denying his motion to recuse because a reasonable, disinterested person could reasonably question the trial judge's impartiality where the trial judge had a doctor-patient relationship with Dr. Randolph's expert witness and where

[1](...continued)
2.01. If the trial court judge enters an order denying a motion for the judge's disqualification or recusal, or for determination of constitutional or statutory incompetence, an accelerated interlocutory appeal as of right lies from the order. The failure to pursue an accelerated interlocutory appeal, however, does not constitute a waiver of the right to raise any issue concerning the trial court's ruling on the motion in an appeal as of right at the conclusion of the case. The accelerated interlocutory appeal or an appeal as of right at the conclusion of the case shall be the exclusive methods for seeking appellate review of any issue concerning the trial court's denial of a motion filed pursuant to this Rule.

(i)      after expressly waiving a previous conflict, Plaintiff used a similar disclosure against a different judge to avoid an adverse ruling;

(ii)      the judge's role as the thirteenth juror requires an independent assessment of the credibility of the expert witness; and

(iii)      the confidentiality of the judge's medical history prevents the parties from knowing whether the surgery or physician-patient relationship caused actual bias or served as a basis for perceived bias.

Supreme Court Rule 10, Code of Judicial Conduct Rule 2.11 provides that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned[.]" It is well-settled that "'[t]he right to a fair trial before an impartial tribunal is a fundamental constitutional right.'" *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)). Article VI, § 11 of the Tennessee Constitution, Tennessee Code Annotated § 17-2-101, and the Code of Judicial Conduct prohibit a judge from presiding over a matter in which the judge has an interest in the outcome or where the judge is connected to either party. The purpose of the prohibition is to "guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court [] reached a prejudged conclusion because of interest, partiality, or favor." *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)(citation omitted). Additionally, we have emphasized that "the preservation of the public's confidence in judicial neutrality requires not only that the judge be impartial in fact, but also that the judge be perceived to be impartial." *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. App. 1998)(citations omitted). Accordingly, even in cases wherein a judge sincerely believes that she can preside over a matter fairly and impartially, the judge nevertheless should recuse herself in cases where a reasonable person "'in the judge's position, knowing all the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564-65 (Tenn. 2001)(quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)). It is an objective test designed to avoid actual bias and the appearance of bias, "since the appearance of bias is as injurious to the integrity of the judicial system as actual bias." *Id*. at 565 (citation omitted).

Adverse rulings and "the mere fact that a witness takes offense at the court's assessment of the witness" do not provide grounds for recusal, however, in light of the "adversarial nature of litigation." *Id*. Further, although "bias" and "prejudice" are terms that usually refer to "a state of mind or attitude that works to predispose a judge for or against a party . . . . Not every bias, partiality or prejudice merits recusal." *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). Rather, "[t]o disqualify, prejudice must be of a personal character, directed at the litigant, [and] 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case.'" *Id*. (quoting *State ex rel. Wesolich v. Goeke*, 794 S.W.2d 692, 697 (Mo. App. 1990)). We review the trial court's denial of a motion for recusal under a *de novo* standard of review. Tenn. S. Ct. R. 10B, § 2.06.

We turn first to Dr. Randolph's assertion that the trial judge should have granted Dr. Randolph's motion for recusal on the ground that, in light of Ms. Hall's past conduct, Ms. Hall may use a motion to recuse strategically to avoid a negative ruling as this matter proceeds to trial. This argument is without merit. Whether the trial judge can preside without bias or prejudice in light of her former doctor-patient relationship with Dr. DeWane is not predicated on which party files a motion to recuse. An opposing party's potential trial strategy does not provide a ground for recusal.

We next turn to Dr. Randolph's assertion that the confidentiality of the trial judge's medical records prevents the parties and this Court from fully knowing the extent of the judge's relationship with Dr. DeWane, thus obscuring whether real or perceived bias exists. There is no suggestion in this case that the trial judge's physician-patient relationship with Dr. DeWane extended beyond that disclosed by the trial judge. In her order denying recusal, the trial judge characterized her relationship with Dr. DeWane as "long past." Further, the trial judge noted that she underwent a surgical procedure performed by Dr. DeWane in 2005, before this matter was transferred to her court; that the surgery was "uneventful, uncomplicated and served its purpose"; that she had no further contact with him since released from post-surgery care in early 2006; and that she likely would not recognize Dr. DeWane "were he to walk through the door." Although, as Dr. Randolph asserts, the exact nature of the procedure performed by Dr. DeWane is not contained in the trial judge's disclosure, there is nothing to suggest that the trial judge's relationship with Dr. DeWane was other than as characterized by the trial judge. This argument also is without merit.

We finally turn to whether the trial judge's relationship as a former surgical patient of Dr. DeWane may give rise to actual or perceived bias in light of the trial judges' role as thirteenth juror. A trial judge's duty as thirteenth juror is to approve or disapprove the jury's verdict based on the judge's evaluation of the evidence. The trial judge must independently weigh the evidence, and the judge's assessment of witness credibility affects the weight given to the testimony of a particular witness. *Michelsen v. Stanley*, 893 S.W.2d 941, 945 (Tenn. Ct. App. 1993). "The trial judge cannot make an independent evaluation of the evidence without assessing the credibility of witnesses." *Id.* Thus, as Dr. Randolph asserts, the trial court must assess the credibility of Dr. DeWane's expert testimony with respect to the standard of care as the thirteenth juror in this matter.

We observe that actions alleging medical malpractice often present the jury with a "battle of the experts" in which the jurors must decide which expert to believe. *See, e.g.*, *Bearden v. Lanford*, No. M2012–02073–COA–R3–CV, 2013 WL 6908938 (Tenn. Ct. App. Dec. 30, 2013) (*no perm. app. filed*); *Burchfield v. Renfree*, No. E2012–01582–COA–R3–CV, 2013 WL 5676268 (Tenn. Ct. App. Oct. 18, 2013) (*no perm. app. filed*); *Farley v. Oak Ridge Med. Imaging, P.C.*, No. E2008-01731-COA-R3-CV, 2009 WL 2474742 (Tenn. Ct. App. Aug. 13, 2009). In this case, Dr. DeWane is Dr. Randolph's expert witness with respect to the standard of care, a pivotal issue in this matter, and it is undisputed that the trial judge underwent surgery performed by Dr. DeWane during the pendency of this litigation. Although the trial judge was not presiding over the matter in 2005 or 2006, when she was a patient of Dr. DeWane, it is objectively reasonable to believe that the trial judge's credibility assessment with respect to the standard of care may be impacted - positively or negatively, as the case may be - by her personal knowledge and experience as a former patient of the

expert witness. At the very least, an appearance of partiality arises where the trial judge was a patient of a key expert witness in a medical malpractice action during the pendency of the action in the court, albeit in a different division.

## *Holding*

Although we are loathe to see this tortured litigation further protracted, we nonetheless agree with Dr. Randolph that recusal of the trial judge is appropriate in this matter. We accordingly reverse the judgment of the trial court denying Dr. Randolph's motion to recuse and remand this matter to the trial court for transfer to a different judge. Costs are taxed to the Appellee, Sandra Buckler Hall.

_____
DAVID R. FARMER, JUDGE