IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 12, 2014 Session

## DAMON TATUM v. MERCEDEAS TATUM

**Appeal from the Circuit Court for Shelby County**
**No. CT00217508      Jerry Stokes, Judge**

_____

**No. W2013-02112-COA-R3-CV - Filed December 12, 2014**

_____

The trial court denied Defendant Mother's motion to recuse in this post-divorce dispute. We affirm.

**Tenn. R. App. P. 3 Appeal; Judgment of the Circuit Court Affirmed**.

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD P.J.,W.S. and BRANDON O. GIBSON J. joined.

Damon Tatum, Appellee, *Pro se.*

Mercedeas Tatum, Appellant, *Pro se.*

**MEMORANDUM OPINION**[1]

This is the third appearance of these parties in this Court.[2]  The protracted and acrimonious legal proceedings between Damon A. Tatum ("Mr. Tatum") and Mercedeas A. Tatum ("Ms. Tatum") began with a divorce action commenced and nonsuited by Ms. Tatum in 2006.  Ms. Tatum filed and voluntarily dismissed a second  divorce action in 2008, and

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:
This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]Appellee filed a brief but did not participate in oral argument.

in May 2008 Mr. Tatum filed a complaint for divorce in the Circuit Court for Shelby County. Following Ms. Tatum's failure to appear at a number of hearings, in December 2008 the trial court awarded Mr. Tatum a divorce by default judgment and named him primary residential parent of the parties' three minor children. *Tatum v. Tatum*, No. W2009-00566-COA-R3-CV, 2009 WL 4723370 (Tenn. Ct. App. Dec. 10, 2009)(perm. app. denied June 16, 2010). The trial court denied Ms. Tatum's motion to alter or amend the final decree or to set aside the default judgment by order entered February 2009, and Ms. Tatum filed a timely notice of appeal to this Court. *Id.* at *2. She also filed a motion to transfer the case or for recusal, which the trial court denied in May 2009. *Id.* Upon appeal, Ms. Tatum asserted that service of process in the matter was not valid; that the guardian ad litem was not properly appointed; that the default judgment should be set aside; that the attachment *pro corpus* in the matter was not valid; and that the trial judge erred by refusing to recuse herself. *Id.* We set aside the default judgment and remanded the matter for a trial on the merits. We further affirmed the trial court's finding that proper service of process was made and affirmed its denial of Ms. Tatum's motion to recuse. Finally, we ordered matters of child custody to remain in *status quo* pending final resolution in the trial court. *Id.* at *6.

The matter was transferred to Division 6 of the Circuit Court for Shelby County following our order of remand in 2009, and the trial court entered a final decree of divorce in January 2011. Ms. Tatum filed a notice of appeal to this Court. After informing Ms. Tatum that the order appealed was not final and providing her with an opportunity to re-file a motion for an extension of time in compliance with Rule 22 of the Tennessee Rules of Appellate Procedure, in February 2012 we dismissed Ms. Tatum's appeal for lack of a final judgment. *Tatum v. Tatum*, No. W2011-00637-COA-R3-CV, 2012 WL 407204 (Tenn. Ct. App. Feb. 9, 2012).

Although portions of the trial court record of the early proceedings apparently have been lost, the parties continued their acrimonious dispute with various petitions for contempt and to modify the parenting plan seemingly without interruption. The record transmitted to this Court reflects multiple proceedings in the trial court and, apparently, in Missouri courts following Mr. Tatum's relocation with the children to Missouri. The record contains two "emergency" motions for recusal filed by Ms. Tatum, orders denying those motions, and purported notices of appeal.

In January 2013 and November 2013, Ms. Tatum filed emergency motions for recusal during hearings on motions for contempt filed by Mr. Tatum in the trial court. The trial court denied Ms. Tatum's January motion for recusal by order entered January 8, 2013. Following a hearing on November 22, 2013, the trial court took the matter under advisement. By order entered December 2, 2013, the trial court denied Ms. Tatum's November motion for recusal, finding that many of her allegations were "almost identical" to the allegations asserted in her January motion. It also found that Ms. Tatum's additional allegations "ha[d] to do with the weight [the court] gave to the testimony that was presented on June 7, 2013[,] when both parties presented cross-petitions for contempt and modification of the parenting schedule."

The trial court further noted that Ms. Tatum alleged in her petiton that a "false memo" was circulated by a general sessions court judge that stated, in effect, that Ms. Tatum was not related to Judge Betty Thomas-Moore. The trial court stated that neither the alleged memo nor the question of whether Ms. Tatum was related to Judge Moore served as a basis for recusal. The trial court additionally stated that, with respect to Ms. Tatum's allegations against the guardian ad litem ("GAL"), the court found that the GAL was representing the rights of the children effectively and that there was no basis upon which to dismiss her. Finally, the trial court noted that its previous contempt finding against Ms. Tatum was based on a finding that Ms. Tatum had willfully failed to pay child support as ordered by the court, and that the finding was not based on prejudice or unethical conduct but on the facts presented. Ms. Tatum filed a notice of appeal of the trial court's December 2 order on December 16, 2013.

In January 2014, Mr. Tatum filed a motion to dismiss the appeal. In his motion, Mr. Tatum asserted that a notice of appeal was filed in September 2013 purporting to appeal the trial court's earlier rulings, and that the notice was not signed by Ms. Tatum but by her mother. By Order entered March 24, 2014, we noted that the record contained both a September 2013 notice of appeal signed by Ms. Tatum's mother and a December 2013 notice of appeal which appealed the trial court's December 2, 2013, order denying Ms. Tatum's motion to recuse. We noted that the December 2013 notice of appeal was signed by Ms. Tatum; that Ms. Tatum was represented by counsel when the September notice of appeal was filed; and that Ms. Tatum failed to comply with Rule 11 of the Tennessee Rules of Civil Procedure when the September notice of appeal was filed. We accordingly dismissed the appeal insofar as it pertained to the trial court's order of August 2013 and ordered Ms. Tatum's appeal of the trial court's December 2 order to proceed.

**Discussion**

The only issue presented for our review is whether the trial court erred by denying Ms. Tatum's motion to recuse. Supreme Court Rule 10, Code of Judicial Conduct Rule 2.11 provides that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned[.]" It is well-settled that "'[t]he right to a fair trial before an impartial tribunal is a fundamental constitutional right.'" *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)). Article VI, § 11 of the Tennessee Constitution, Tennessee Code Annotated § 17–2–101, and the Code of Judicial Conduct prohibit a judge from presiding over cases in which the judge has an interest or where the judge is connected to one of the parties. This prohibition "guard[s] against the prejudgment of the rights of litigants and [] avoid[s] situations in which the litigants might have cause to conclude that the court [ ] reached a prejudged conclusion because of interest, partiality, or favor." *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002) (citation omitted). We also have emphasized that "the preservation

of the public's confidence in judicial neutrality requires not only that the judge be impartial in fact, but also that the judge be perceived to be impartial." *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App.1998) (citations omitted). Therefore, a judge should recuse himself in cases where a reasonable person "'in the judge's position, knowing all the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564–65 (Tenn. 2001)(quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App.1994)). The test is an objective one and it is designed to avoid both actual bias and the appearance of bias because "the appearance of bias is as injurious to the integrity of the judicial system as actual bias." *Id.* at 565 (citation omitted).

Adverse rulings, however, and "the mere fact that a witness takes offense at the court's assessment of the witness" do not provide grounds for recusal in light of the "adversarial nature of litigation." *Id.* Additionally, although "bias" and "prejudice" generally refer to "a state of mind or attitude that works to predispose a judge for or against a party.... [n]ot every bias, partiality or prejudice merits recusal." *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). Rather, "[t]o disqualify, prejudice must be of a personal character, directed at the litigant, [and] 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from ... participation in the case.'" *Id.* (quoting *State ex rel. Wesolich v. Goeke*, 794 S.W.2d 692, 697 (Mo. App. 1990)). We review the trial court's denial of a motion for recusal under a *de novo* standard of review. Tenn. S. Ct. R. 10B, § 2.06.

In her brief, Ms. Tatum asserts that the circumstances of this case create the "potential appearance of bias, if not actually rising to the level of bias." She asserts that the trial court should have granted her motion to recuse "based on the nature of the case" and the alleged history of bias on the part of the GAL. Ms. Tatum references the "repeated non-relief given to [Ms. Tatum] who has consistently followed the law," the trial court's refusal to amend the parenting plan, and acts of the previous trial court judge as grounds for recusal.

Ms. Tatum cites to no fact or circumstance suggesting bias, prejudice, or misconduct warranting recusal on the part of the trial court. Her arguments in her brief and at oral argument before this Court in November 2014 are predicated upon her dissatisfaction with those rulings of the trial court that were unfavorable to her and her dissatisfaction with the GAL. Upon review of the record transmitted to us on appeal, moreover, we find nothing to suggest a ground for recusal of the trial judge. We accordingly affirm the judgment of the trial court.

**Holding**

The judgment of the trial court is affirmed. Costs on appeal are taxed to Ms. Tatum. Because Ms. Tatum is proceeding *in forma pauperis* in this appeal, execution may issue for costs if necessary. This matter is remanded to the trial court for enforcement of the judgment and the collection of costs.

_____
ARNOLD B. GOLDIN, JUDGE