
IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 10, 2017

## TRACY DARRELL ADKINS v. RHONDA FORLAW ADKINS

**Appeal from the Chancery Court for Williamson County**
**No. 44288       Michael Binkley, Judge**

_____

**No. M2017-00495-COA-T10B-CV**

_____

After the trial court denied Wife's motion to set aside the mediated Marital Dissolution Agreement and Permanent Parenting Plan and entered its order declaring the parties divorced, Wife filed a motion seeking recusal of the trial judge. The judge denied the motion, and Wife timely filed her petition for recusal appeal seeking an interlocutory appeal as of right pursuant to Tennessee Supreme Court Rule 10B from the trial court's denial of her motion. We affirm the trial court's decision to deny the motion for recusal.

**Tenn. R. App. P. 10B Interlocutory Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II and BRANDON O. GIBSON, JJ., joined.

Russ Heldman and Joanie Abernathy, Franklin, Tennessee, for the appellant, Rhonda Forlaw Adkins.

Larry Hayes, Jr. and Rachel M. Thomas, Nashville, Tennessee, for the appellee, Tracy Darrell Adkins.

### OPINION

Rhonda Forlaw Adkins ("Wife") filed a complaint for divorce on March 24, 2014, against Tracy Darrell Adkins ("Husband"). The parties settled the case in mediation in May 2015 and signed a Marital Dissolution Agreement ("MDA") and Permanent Parenting Plan ("Parenting Plan"). Shortly thereafter, Wife filed a motion to set aside the MDA and Parenting Plan. On January 7, 2017, after extensive discovery, numerous interim motions, hearings on the motions, and a two-day trial on the motion to set aside the agreements, the trial court entered a final order denying Wife's motion and declaring the parties legally divorced.

In February 2017, Wife filed a motion seeking recusal of the trial judge pursuant to Tennessee Supreme Court Rule 10B. The judge denied the motion, and Wife filed a Petition for Recusal Appeal pursuant to Rule 10B. Along with her petition she filed a motion seeking to have all documents filed under seal, including the petition, appendices, and this court's orders and opinion. The motion was denied. Because the trial court had placed all documents from the trial court proceedings under seal, Wife was of the impression this court would do the same. Therefore, we afforded Wife the option of withdrawing her petition and filing a supplemental petition, which she did. At the request of this court, Husband filed a response and both parties filed appendices.

In this appeal, Wife seeks not only to reverse the trial court's February 16, 2017 order denying her Rule 10B Motion for Recusal or Disqualification of Judge Binkley from all further proceedings, she also asks this court to vacate the Memorandum and Order entered on January 7, 2017, and the amended order entered on January 26, 2017.

In his response, Husband states:

This case is a simple one. It involves a woman trying to get out of the Marital Dissolution Agreement and Parenting Plan that she signed in May 2015 simply because she changed her mind and didn't want to lose her " celebrity spouse" status. The trial court below allowed Ms. Adkins every opportunity over a period of nineteen months to pursue and advance an endless array of arguments, no matter how ridiculous or absurd, in her effort to get out of either agreement, but ultimately found after a full hearing that both agreements should be enforced and that these parties should be divorced, which they were on January 7, 2017 by entry of a Final Decree of Divorce. Ms. Adkins is simply upset at the result and is claiming that the judge must have been biased because he found her totally uncredible, ruled against her in his order, and is now making her pay Mr. Adkins' attorneys' fees for having to endure nineteen months of delay and needless litigation.

**ANALYSIS**

**I.     TENNESSEE SUPREME COURT RULE 10B APPEALS**

Pursuant to Tennessee Supreme Court Rule 10B, section 2.01, a party is entitled to an accelerated interlocutory appeal as of right from an order denying a motion for disqualification or recusal. The appeal is effected by filing a "petition for recusal appeal." Tenn. Sup. Ct. R. 10B, § 2.02.

The only order we may review in a Rule 10B appeal is the trial court's order denying a motion to recuse. We may not review the merits of the trial court's other rulings. *See* Tenn. R. Sup. Ct. R. 10B.

If we determine that an answer is needed, we may require an answer and further briefing by the parties. Tenn. Sup. Ct. R. 10B, § 2.06. The rule also grants this court the discretion to decide the appeal without oral argument. *Id*. Having reviewed Wife's petition, Husband's answer, and the appendices, we have determined that oral argument is unnecessary and elect to act summarily on the appeal in accordance with Tennessee Supreme Court Rule 10B, sections 2.05 and 2.06.

## II.    THE TRIAL JUDGE'S RULING ON THE RECUSAL MOTION

Wife filed her motion for recusal on February 8, 2017. Acting expediently as Rule 10B requires, the trial judge denied Wife's motion for recusal on February 16, 2017. Wife identified five grounds for disqualification. As Rule 10B requires, the order addresses each ground, and the trial judge explains in detail why the grounds do not require recusal. The order from which this appeal lies reads as follows:

### I.    GROUNDS (1) AND (2) FOR RECUSAL OR DISQUALIFICATION

This pleading is in response to the Motion of Rhonda Forlaw Adkins (*Motion to Vacate Memorandum and Order Entered January 7, 2017, and Amendment to Memorandum and Order Entered January 26, 2017, and Rule 10B Motion for Recusal or Disqualification of Judge* filed February 8, 2017 ("*Motion to Vacate and Recuse*")) for recusal and disqualification of this Court to sit and hear further proceedings in this case. The grounds recited by Ms. Adkins are as follows and will be addressed in the order in which they appear on pages 3 and 4 of Ms. Adkins' 10B Motion:

#### I. A.    Grounds for Recusal

(1) that the Judge's impartiality might reasonably be questioned by the Orders of January 7, 2017, and January 26, 2017, in light of the Order of December 11, 2016;

(2) that the Judge has acted with partiality toward Mr. Adkins and/or with the appearance of partiality to Mr. Adkins in the writing and issuance [sic] of its Memorandum and Order of January 7, 2017, and Amendment to Memorandum and Order of January 26, 2017.

- 3 -

It appears to the Court grounds (1) and (2) for recusal as set forth in the *Motion to Vacate and Recuse* are essentially one in the same. Therefore, grounds (1) and (2) will be treated together. . . .

In reviewing carefully the words used by Ms. Adkins in grounds (1) and (2), it appears she is simply stating this Court's impartiality might be reasonably questioned because the Court's Orders of January 7, 2017 and January 26, 2017 show some type of impartiality in light of the Order of December 11, 2016. Apparently, Ms. Adkins is trying to say that the mere fact the Court filed these Orders somehow presents a claim of impartiality as a result of the act of filing the Orders indicated in ground (1).

In addition, with regard to ground (2), it appears, although it is entirely unclear, Ms. Adkins complains this Court acted with partiality toward Mr. Adkins and/or with the appearance of partiality to Mr. Adkins in the writing and issuing of its *Memorandum and Order* of January 7, 2017 and *Amendment to Memorandum and Order* of January 26, 2017.

It is difficult to respond to nebulous grounds, however, the Court will endeavor to do so since it is required to respond. The first two grounds essentially state that just the mere filing of the Court's Orders and ruling against Ms. Adkins, requires recusal by this Court.

The case law is clear that even if a judge believes he cannot subjectively be fair and impartial, the judge should disqualify himself when the judge's impartiality might be reasonably questioned because the appearance of bias is as injurious to the integrity of the judicial system as actual bias. Although this Court subjectively believes neither one of [] its Orders cited above show any type of bias against Ms. Adkins or in favor of Mr. Adkins, the subjective test is irrelevant and the courts have long held that this Court must carefully consider whether a person of ordinary prudence in this Court's position under the facts of this case would find a reasonable basis to question its impartiality in light of the complaints listed in grounds (1) and (2) of the *Motion to Vacate and Recuse* set forth by Ms. Adkins. This Court is aware that "the mere fact that a judge has ruled adversely to a party or witness is not grounds for recusal." *State v. Haines*, 919 S.W.2d 573, 578 (Tenn. 1995). In closely reviewing *the Memorandum and Orders* referred by Ms. Adkins in grounds (1) and (2), this Court cannot conclude, based upon either a subjective standard, which is not the correct standard, but certainly based upon an objective standard, that this Court showed any bias or prejudice against Ms. Adkins in any form. This Court was simply doing its job to consider the pleadings in this case in order to present clear and concise findings of fact and conclusions of law

- 4 -

from the huge volume of pleadings, testimony, and other information filed in this case. The Court assimilated the important salient facts as well as the important subsidiary facts in the Court's findings of fact and conclusions of law and provided the conclusions of law in a clear, succinct, and correct manner. This Court clearly understands the importance "the presentation of the public's confidence in judicial neutrality require not only that the judge be impartial in fact, but also that the judge be perceived to be impartial." *Kinard v. Kinard*, 986 S,W.2d 220, 228 (Tenn. Ct. App. 1998). Adverse rulings and the mere fact that the litigant is unhappy with the results do not provide grounds for recusal in the light of the adversarial nature of litigation. Further, although bias and prejudice are terms that are usually referred to as:

> [A] state of mind or attitude that works to predispose a judge for or against a party, to disqualify [a judge], prejudice must be of a personal character, directed at the litigant, and 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case.'

*Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994) (quoting *State Ex. Rel. Wesolich v. Goeke*, 794 S.W.2d 692, 697 (Mo. Ct. App. 1990).

THEREFORE, as to grounds (1) and (2) of Ms. Adkins' *Motion to Vacate and Recuse*, the Court respectfully DENIES Ms. Adkins' requests as set forth therein.

## II.    GROUND (3) FOR RECUSAL OR DISQUALIFICATION

The Court will now respond to the ground (3) for recusal in Ms. Adkins' *Motion to Vacate and Recuse* which states as follows:

> (3) that said Memorandum and Order and subsequent Amendment to Memorandum and Order show partiality to Mr. Adkins by the fact that the Judge considered or it appears that the Judge considered "Husband's Proposed Trial Findings of Fact and Conclusions of Law" in writing and issuing its Memorandum and Order and Amendment to Order contrary to or in violation of the Court's own Order of December 11, 2016, which would also be an appearance of "impropriety."

To restate Ms. Adkins' ground for recusal set forth in ground (3) of her *Motion to Vacate and Recuse*, Ms. Adkins believes the Court's *Memorandum and Order* and subsequent *Amendment to Memorandum and Order* filed January 7, 2017 and January 26, 2017, respectively, show partiality because she thinks the Court considered *Husband's Proposed Findings of Fact and Conclusions of Law* in writing and issuing its *Memorandum and Order* and *Amendment to Memorandum and Order* contrary to the Court's Order of December 11, 2016, and that the violation of the Order of December 11, 2016, which says the Court will not consider Husband's pleading, also shows an appearance of impropriety. Simply and succinctly stated, this Court did not review any portion of *Husband's Proposed Trial Findings of Fact and Conclusions of Law* in preparing this Court's *Memorandum and Order* and subsequent *Amendment to Memorandum and Order* filed January 7, 2017 and January 26, 2017, respectively. In preparing this Court's *Memorandum and Order* and *Amendment* to that pleading, the Court considered all of the pleadings, testimony, and any and all other information contained in the voluminous court file (which consists of fourteen (14) volumes, two banker's boxes, and an expanding file folder of the exhibits) in order to prepare its findings of fact and conclusions of law. Ms. Adkins has meticulously attempted to persuade this Court that the Court's findings of fact and conclusions of law were drawn directly from *Husband's Proposed That Findings of Fact and Conclusions of Law* by showing how excerpts from Husband's pleading appear to be part of this Court's findings of fact and conclusions of law. Once again, this Court did not review or even look at *Husband's Proposed Trial Findings of Fact and Conclusions of Law* in preparing any of its findings of fact and conclusions of law. To make it even more perfectly clear, if it is even needed, this Court has taken the time and effort to set forth the various pleadings from which this Court actually drew its information in preparing its findings of fact and conclusions of law as to each allegation set forth in Ms. Adkins' *Motion to Vacate and Recuse*. This document is annexed to this Order as Exhibit "A" attached hereto and made a part hereof. As one can see in Exhibit "A" the Court's findings of fact and conclusions of law were drawn from numerous other pleadings, a lot of which were very redundant and repetitive and have the same statements, wording, phrases, etc. as set forth in *Husband's Proposed Trial Findings of Fact and Conclusions of Law*. The Court certainly did not even need to review *Husband's Proposed Trial Findings of Fact and Conclusions of Law* and would not have reviewed Husband's pleading because the Court emphatically stated that it would not consider that pleading and therefore, this Court did not consider it. Based upon both subjective and objective tests, this Court can see absolutely no appearance of impropriety or

partiality against Ms. Adkins as set forth in ground (3) of Ms. Adkins' *Motion to Vacate and Recuse*.

THEREFORE, as to ground (3) of Ms. Adkins' *Motion to Vacate and Recuse*, the Court respectfully DENIES Ms. Adkins' requests as set forth therein.

### III.    GROUND (4) FOR RECUSAL OR DISQUALIFICATION

Ms. Adkins sets forth ground (4) in her *Motion to Vacate or Recuse* as a reason for this Court to recuse itself

(4) that by the sue sponte Amendment to Memorandum and Order of January 26, 2017, the Judge has given improper legal advice, become an advocate and/or shown partiality toward Mr. Adkins in sue sponte ordering Ms. Adkins attorneys (who are not parties to this case) to file documents to be used as evidence: at a future attorney fee hearing it has sua sponte set on February 17, 2017, without any proper request being made by Mr. Adkins or his attorney for this evidence to be filed, discovered or produced or for a hearing to be set; and further,

Mr. Adkins has requested that Ms. Adkins pay his reasonable attorney's fees and all costs associated in the present cause of action. This request for attorney's fees was filed on February 6, 2017 in compliance with the Court's request in this regard. This Court asked Ms. Adkins to present the attorneys' fees and costs she paid to both of her attorneys together with the documentation representing the time devoted to this litigation only because this information will provide another source from which to measure the reasonableness and necessity of Mr. Adkins' request for attorney's fees and costs. Reviewing the attorneys' fees charged by the attorneys representing Ms. Adkins would be one of several sources this Court can consider in trying to determine the reasonableness and necessity of the fees being requested by Mr. Adkins. This Court is simply trying to do its job in collecting all available sources of relevant information to review in its efforts to determine the reasonableness and necessity of the fees Mr. Adkins is requesting be reimbursed to him as a result of this lawsuit. The Court is at a total loss as to why Ms. Adkins would be opposed to presenting the information requested, and the Court cannot understand why this simple request can now be parlayed into an argument that somehow the Court is bias[ed] and prejudiced against her simply because the Court wants to consider the fees and expenses generated by Ms. Adkins in considering

the reasonableness and necessity of the fees and expenses generated by Mr. Adkins. Again, subjectively, this Court has no bias or prejudice for or against either party by merely requesting Ms. Adkins to provide documentation regarding the fees and costs she paid to her attorneys in this case. In reviewing the objective standard, which is the only correct standard to use in these cases, Ms. Adkins' request that the Court recuse itself from further hearings in this case based upon some type of improper legal advice or in becoming an advocate or showing some type of partiality toward Mr. Adkins cannot be sustained by any reasonable objective tests of bias and impartiality. When this Court places itself in a position of a person of ordinary prudence in this Court's position in trying to determine whether or not there is a reasonable basis to question this Court's impartiality as to the request for fees and expenses generated by Ms. Adkins on the issue of the reasonableness and necessity of Mr. Adkins fees and costs, knowing all of the facts known to the judge in this case, this Court cannot find any reasonable basis for questioning this Court's impartiality based upon this Court's request for Ms. Adkins to submit her attorneys' fees and expenses paid to her two lawyers.

THEREFORE, as to ground (4) of Ms. Adkins' *Motion to Vacate and Recuse*, the Court respectfully DENIES Ms. Adkins' requests as set forth therein.

## IV.   GROUND (5) FOR RECUSAL OR DISQUALIFICATION

Finally, Ms. Adkins sets forth the following as her last request for grounds for recusal:

(5) that by his January 7, 2017, Memorandum and Order, on page 51, paragraph 1, the Judge showed partiality to Mr. Adkins by awarding Mr. Adkins (a) relief for which Mr. Adkins did not specifically ask, (b) relief which was directly contrary to what Mr. Adkins specifically asked and (c) relief which was opposed by Ms. Adkins, by specifically awarding to Mr. Adkins a divorce from Ms. Adkins on the grounds of irreconcilable differences.

It appears Ms. Adkins' complaint in ground (5) is that since this Court awarded Mr. Adkins a divorce on the grounds of irreconcilable differences as opposed to awarding Ms. Adkins a divorce on the grounds of irreconcilable differences, this Court shows bias or prejudice against Ms. Adkins. This Court can simply state that it did not consider anything whatsoever in granting a divorce to Mr. Adkins on the grounds of

irreconcilable differences. This Court does not care one way or the other who obtains the divorce on the grounds of irreconcilable differences. This Court does not have any reason, and never considered any reason, to award Mr. Adkins the divorce on the grounds of irreconcilable differences as opposed to granting the divorce to Ms. Adkins on the grounds of irreconcilable differences. The Court simply does not care which party obtains the divorce on the grounds of irreconcilable differences. A divorce on irreconcilable differences can be just as easily granted to Ms. Adkins, However, Ms. Adkins somehow believes that this act by the Court shows some bias or prejudice that rises to the level of this Court's recusing itself from participating any further in this lawsuit. Simply stated again, the decision was made without regard to any alleged bias or prejudice in any form whatsoever. It makes no difference to the Court who obtains the divorce. Once again, out of an abundance of caution, the Court will state again as to ground (5) for recusal or disqualification, that this Court has carefully considered this ground, and, although the trial court has absolutely no actual bias or prejudice for or against either party by the mere fact of granting a divorce on the grounds of irreconcilable differences to one party, or the other, this Court has placed itself in the position of a person of ordinary prudence in this Court's position, knowing all of the facts known to this Court, and finds that there is no reasonable basis for questioning this Court's impartiality based simply upon the fact that the divorce was granted to Mr. Adkins as opposed to Ms. Adkins on irreconcilable differences.

THEREFORE, as to ground (5) of Ms. Adkins' *Motion to Vacate and Recuse*, the Court respectfully DENIES Ms. Adkins' requests as set forth therein.

Based on these findings, the trial court denied the motion to recuse as well as the additional relief she sought, that being, to vacate the order entered on January 7, 2017, and the amendment to that order entered on January 26, 2017. This appeal followed.

### III.   OUR ANALYSIS OF THE FOREGOING ISSUES

We start our analysis of the grounds for recusal understanding that a party challenging the impartiality of a judge "must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned." *Eldridge v. Eldridge*, 137 S.W.3d 1, 7-8 (Tenn. Ct. App. 2002) (quoting *Davis v. Dep't of Emp't Sec.*, 23 S.W.3d 304, 313 (Tenn. Ct. App. 1999)).

We find it significant that Wife's belief that the trial judge was biased against her was not expressed until the judge denied her motion to set aside the MDA and Parenting

Plan and declared the parties divorced. It is also significant that the trial judge presided over this action for a year and a half after Wife filed her motion to set aside the mediated agreement. During this time the parties engaged in spirited, almost Rambo-style, litigation that involved an excessive number of motions, hearings, discovery, and a two-day trial. As noted earlier, Wife expressed no concern of bias against her during this period.

This is significant because a trial judge's adverse rulings are not usually sufficient to establish bias. *State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008). "Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). "If the rule were otherwise, recusal would be required as a matter of course since trial courts necessarily rule against parties and witnesses in every case, and litigants could manipulate the impartiality issue for strategic advantage, which the courts frown upon." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 565 (Tenn. 2001). We fully acknowledge that Wife relies on other facts and circumstances in seeking the recusal of the trial judge; nevertheless, the timing of her motion is compelling.

As Husband notes in his answer in this appeal, Wife filed her complaint for divorce on March 24, 2014, and the parties settled the case in mediation in May 2015, which is documented by a duly executed MDA and Parenting Plan. When the parties signed the settlement agreement, they were each represented by counsel, had exchanged discovery, and Wife had the assistance of two financial experts. Once these documents were signed, the case was fully settled; thus, all that was needed was for the trial court to approve the settlement and enter a final decree of divorce. Before that could occur, Wife changed her mind and filed a motion to set aside the agreements. Nevertheless, as Husband points out, Wife "kept the large cash settlement, the house, and the monthly alimony and child support payments that she received from [Husband] in the divorce settlement, all while tirelessly fighting to set aside the divorce in court."

Husband also places emphasis on the fact that after May 2015, when Wife filed her motion to set aside the parties' agreement, Judge Binkley dutifully considered Wife's forty-five motions and amended motions, including three motions for summary judgment. Judge Binkley also allowed Wife to submit written discovery and take several depositions, including a deposition in New York City and one of Husband's attorney, which is exceedingly rare. As Husband puts it, Judge Binkley afforded Wife nineteen months to prepare and present her case to set aside the mediated settlement. He also presided over a two-day trial, during which the trial court heard live testimony from the parties as well as expert witnesses.

Following the trial, Judge Binkley entered his January 7, 2017 order denying Wife's motion to set aside the MDA and Parenting Plan and declaring the parties divorced.

Because Wife expressed no concern of bias prior to the adverse ruling on January 7, 2017, it logically appears that Wife's primary reason for seeking the disqualification of Judge Binkley is that he denied her motion to set aside the agreements and declared the parties divorced. Therefore, we affirm the trial judge's decision to deny the motion to recuse based on grounds (1) and (2).

With regard to the other grounds, we find that Judge Binkley's order fully and sufficiently responds to each of her concerns. Nevertheless, we will discuss each ground.

In ground (3), Wife contends the last two orders reveal bias because the judge "considered or it appears that the Judge considered" Husband's Proposed Trial Findings of Fact and Conclusions of Law in preparing its Memorandum and Order and Amendment to Order, which was "contrary to or in violation of the Court's own Order of December 11, 2016, which would also be an appearance of 'impropriety.'" We find no merit to this contention because Judge Binkley explained in no uncertain terms that he did not consider the findings of fact and conclusions of law submitted by Husband post-trial. The judge also explained that Husband's post-trial filing was due to a misunderstanding and not the result of bias or prejudice. Having concluded that this ground is without merit, we affirm the trial judge's decision to deny the motion to recuse based on ground (3).

In ground (4), Wife contends the Amendment to Memorandum and Order of January 26, 2017, indicates that the judge "has given improper legal advice, become an advocate and/or shown partiality toward Mr. Adkins in sue sponte ordering Ms. Adkins attorneys . . . to file documents to be used as evidence" at the future hearing on Husband's claim for attorney's fees. We find no merit to this contention because courts routinely order counsel for the parties to submit records reflecting the fees charged to their clients. Moreover, in this case, it appears the order complained of did not prejudice Wife. This is because the trial court wanted to compare the fees charged by opposing counsel to assure that Wife would not be required to pay an exorbitant fee. Thus, we affirm the trial judge's decision to deny the motion to recuse based on ground (4).

In ground (5), Wife asserts that the trial court's order of January 7, 2017, showed partiality to Husband because it awarded Husband a divorce on the grounds of irreconcilable differences. More specifically, Wife contends this is indicative of bias because Husband did not specifically ask for this relief and Wife opposed it. To put it simply, we find no merit to this assertion because it is based on inferences to be drawn from an adverse ruling, and as we explained earlier, adverse rulings are not usually sufficient to establish bias. *Cannon*, 254 S.W.3d at 308. Moreover, even if this or other rulings were erroneous, they do not, without more, justify disqualification. *Alley*, 882 S.W.2d at 821. Accordingly, we affirm the trial judge's decision to deny the motion to recuse based on ground (5).

- 11 -

## IN CONCLUSION

We affirm the trial court's decision to deny the motion for recusal. This case is remanded to the trial court for further proceedings consistent with this opinion. Rhonda Forlaw Adkins is taxed with the costs for which execution, if necessary, may issue.

_____
FRANK G. CLEMENT, JR., P.J., M.S.