IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 9, 2019 Session

**BRICE COOK v. STATE OF TENNESSEE**

Appeal from the Criminal Court for Shelby County
No. 08-07496      Lee V. Coffee, Judge

_____

**No. W2018-00237-CCA-R3-PC**
_____

JOHN EVERETT WILLIAMS, P.J., dissenting.

I respectfully disagree with the majority's conclusion that the Petitioner is not entitled to relief based upon his claim of bias by the post-conviction judge. Rather, I conclude that the post-conviction judge's comments at the conclusion of the hearing were so egregious that the judge's impartiality might reasonably be questioned and, thus, warranted recusal. *See* Tenn. Sup. Ct. R. 10, R.J.C. 2.11(A) ("A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned…."). Because the judge presided over the proceedings when disqualified from doing so, I would reverse the post-conviction court's order denying the Petitioner post-conviction relief and remand for a new hearing with a different judge.

I disagree with the majority's conclusion that the Petitioner waived the issue by failing to file a motion to recuse in the post-conviction court. "A motion for recusal should be filed when the facts forming the basis of that motion become known." *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009); *see also* Tenn. Sup. Ct. R. 10B, § 1 explanatory cmt. (stating that a motion to recuse "should be made promptly upon the moving party becoming aware of the alleged ground or grounds for such a motion"). The basis upon which to seek recusal in the present case did not manifest itself until the post-conviction judge made the improper comments in issuing his oral rulings. Filing a motion to recuse after the court has issued its ruling would have been an exercise in futility.

Furthermore, this court previously has removed a trial judge from presiding over a case notwithstanding a party's failure to file a proper motion to recuse in the trial court. *See Corey Mitchell v. State*, No. W2016-01818-CCA-R3-PC, 2018 WL 3005379, at *6-7 (Tenn. Crim. App. June 14, 2018) (holding that the judge must be recused from hearing further post-conviction proceedings when the judge pre-determined what the testimony of

trial counsel would be, stated that the petitioner was guilty of aggravated perjury, implicitly encouraged the State to seek an indictment for aggravated perjury, and engaged in actions that could be seen as vindictive); *State v. Jerome Sanders*, No. W2014-00989-CCA-R3-CD, 2016 WL 327277, at \*17, 22 (Tenn. Crim. App. Jan. 17, 2016) (reversing the trial court's judgments on various grounds and ordering that another judge preside over the retrial even though the defendant's motion to recuse filed in the trial court was untimely); *State v. Wallace Jones*, No. M2002-00738-CCA-R9-CO, 2003 WL 1562088, at \*5 (Tenn. Crim. App. Mar. 26, 2003) (ordering that the trial judge should be recused from further proceedings based upon the judge's comments in improperly denying the defendant's petition for writ of certiorari); *see also State v. Eric Kizzie*, W2015-01977-CCA-R8-CO (Tenn. Crim. App. Dec. 3, 2015) (order) (reversing the trial judge's order regarding the issue of pretrial bond and removing the judge from the case due to the judge's comments regarding his disagreement with the law on pretrial bonds and his threat to revoke the defendant's bond if the defendant posted bond); *State v. Michael Halliburton*, W2015-01630-CCA-R9-CD (Tenn. Crim. App. Sept. 22, 2015) (order) (holding that the trial judge should have recused herself once she engaged in ex parte communications with jurors following the trial and obtained information that she considered in ordering a new trial). I conclude that the conduct of the post-conviction judge in the present case, like the conduct of the judges in the above-captioned cases, required disqualification regardless of the Petitioner's failure to request that the judge be disqualified.

Rule of Judicial Conduct 2.11 provides that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." Tenn. Sup. Ct. R. 10, R.J.C. 2.11(A). A judge is further required to perform his or her duties "without bias or prejudice." Tenn. Sup. Ct. R. 10, R.J.C. 2.3(A). Because the appearance of bias is injurious to the integrity of the legal system whether or not bias actually exists, a judge should disqualify himself or herself "'when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564-65 (Tenn. 2001) (quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)). The test is an objective one. *Bd. of Prof'l Responsibility v. Slavin*, 145 S.W.3d 538, 548 (Tenn. 2004). Bias is present when a judge has expressed an opinion on the merits of a case prior to hearing evidence, has taken a position favorable or unfavorable to a party prior to a hearing, or has prejudged factual issues. *Alley*, 882 S.W.2d at 822.

A judge presiding at a trial "must be sufficiently neutral and free of preconceptions about the factual issues to be able to render a fair decision." *Id.* at 820 (quoting Charles W. Wolfram, *Modern Legal Ethics* 980, 988 (1986)). However, "[n]ot every bias, partiality, or prejudice merits recusal. To disqualify, prejudice must be of a

personal character, directed at the litigant, 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from ... participation in the case.'" *Id*. at 821 (quoting *State ex rel. Wesolich v. Goeke*, 794 S.W.2d 692, 697 (Mo. Ct. App. 1990)). Bias based on actual observation of witnesses and evidence during trial does not disqualify the judge unless it is so pervasive that it is sufficient to deny the litigant a fair trial. *Id.*

The post-conviction judge made comments indicating that his decision to deny the Petitioner post-conviction relief was based in part upon his belief that trial counsel could never be ineffective in any case and based in part on the judge's disagreement with the law on post-conviction proceedings in general. With regard to trial counsel, the judge stated:

> I've known [lead counsel] the 27 years I've been in Shelby County. [Lead counsel] has been practicing law one year less than I have, which kind of surprises me because I thought [lead counsel] had been practicing law longer than I have. I've known [co-counsel] for all of her legal career.
>
> I've tried cases, multiple cases, as a trial lawyer against [co-counsel] and [lead counsel]. I tried death penalty cases against [co-counsel] and [lead counsel]. Those are two of the most preeminent lawyers in Memphis, in Shelby County, Tennessee. Two of the most preeminent lawyers in the United States of America. Two of the most preeminent lawyers in the world.
>
> As [co-counsel] has testified, she's a fellow in an organization that will not admit more than one percent of all trial lawyers in the world. [Lead counsel] is one of the leading lawyers in criminal defense practice. President—past president of the Tennessee Association of Criminal Defense Lawyers. A board member of the National [A]ssociation of Criminal Defense Lawyers. These are two very, very talented, very good lawyers, very aggressive lawyers that will fight tooth and nail for their client.
>
> And it's almost absolutely laughable that a lawyer can come to court and say I believe [co-counsel] and [lead counsel] ineffectively represented [the Petitioner] and these are some of the things that maybe they should have done differently, sitting back as a Monday morning quarterback and evaluating their performance [in] hindsight.

While a post-conviction court may consider an attorney's experience in determining whether the attorney's representation was ineffective, the judge's comments went beyond merely consideration of trial counsel's experience and indicated an extreme bias in favor of trial counsel. Much of the testimony regarding trial counsel's experience, particularly co-counsel's experience, was not elicited by either the State or the Petitioner but by the judge. The judge questioned co-counsel extensively regarding her experience and accolades, often through leading questions.[1] The judge's questioning was to such an extreme that the judge essentially abandoned his role as neutral fact-finder and stepped into the role of advocate in order to support his conclusion that the Petitioner's claims of ineffective assistance of trial counsel were "almost absolutely laughable."

In addition to attacking post-conviction counsel as a "Monday morning quarterback," the judge continued:

> It reminds me of what Judge Axley used to say when I first got licensed in my first court in Criminal Court when I stopped three years practicing with the Public Defender's Office and was first assigned to Judge Axley's court.
>
> And Judge Axley used to tell me, "… it's kind of like generals at a war. They sit up on a hill on their white horses, beautiful white steed horses, don't do anything. And after the battle is over, they ride down into the middle of the conflict when people have lost their lives and … they try to tell those folks how they should have fought that battle differently, how they could have fought that battle better, when all they did was stand up on a hill on[] a white steed and look down at the action when these folks in the trenches are fighting this war and people are dying all around them."
>
> ….
>
> And it is almost painful when lawyers start attacking other lawyers and saying—my goodness.

We note that this court admonished the trial judge from whom the post-conviction court quoted for using similar language regarding this court. *See Alley*, 882 S.W.2d at 819 (noting the trial judge's comments regarding a judge court that "those are the guys that come down off the mountain after the battle and shoot the wounded"). Yet, the post-conviction judge chose to use such language in describing the Petitioner's post-

---

[1] The questioning of both co-counsel and lead counsel by the post-conviction judge are attached as an appendix to this dissent.

conviction counsel, as well as all attorneys who represent petitioners in post-conviction proceedings.

With regard to post-conviction proceedings in general, the post-conviction judge stated:

> And it is something that bothers this Court and it's something that's unique to Tennessee. I practiced law in Houston for eight years. 23 felony courts. Not courts, 23 felony courts that dealt with felony cases.

> In the eight years in the State of Texas, Harris County, Texas, I may have seen three or four post-conviction petitions in 23 felony courts in eight years. But it's part of the game—and I do use the word game—that goes on in Tennessee, goes on in Shelby County, Tennessee.

> A person is tried. A person is tried and convicted by a jury, receives excellent representation from his lawyers, and will turn around on a post-conviction and sue a lawyer, in essence, and say, "My lawyers did a bad job. They did an absolutely horrible job for me and, therefore, I should be given a third trial."

It is completely inappropriate for a judge to refer to a procedure enacted by the legislature to ensure that a defendant's constitutional right to effective assistance of counsel is protected as a "game." Even though the judge disagrees with the law in Tennessee and preferred to follow the law in Texas, he swore an oath to follow the law in Tennessee and not Texas. These statements are made even more egregious by the fact that this court previously admonished the judge for employing a similar rant regarding his disagreement with the law on pretrial bonds in Tennessee and his wishes that the law in Tennessee would mirror the law in Texas. *See State v. Eric Kizzie*, No. W2015-01977-CCA-R8-CO (Tenn. Crim. App. Dec. 3, 2015) (order).

"[T]he preservation of the public's confidence in judicial neutrality requires not only that the judge be impartial in fact, but also that the judge be perceived to be impartial." *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998). I conclude that based upon the judge's comments, when viewed in their totality, "'a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Davis*, 38 S.W.3d at 564-65 (quoting *Alley*, 882 S.W.2d at 820). The judge was disqualified from presiding over the Petitioner's post-conviction proceedings, and the judge's presiding over the proceedings violated the Petitioner's due process rights. *See id.* ("'[I]t goes

without saying that a trial before a biased or prejudiced fact finder is a denial of due process.'") (quoting *Wilson v. Wilson*, 987 S.W.2d 555, 562 (Tenn. Ct. App. 1998)).

I conclude that the post-conviction court's denial of post-conviction relief should be reversed and that the case should be remanded for a new evidentiary hearing with a different judge. Accordingly, I dissent from the majority's opinion affirming the post-conviction court's judgment.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE