IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 8, 2020

## ANTHONY D. HERRON v. STATE OF TENNESSEE

**Appeal from the Tennessee Claims Commission**
**No. T20180317 & T20180318     James A. Hamilton, III, Commissioner**
_____

### No. W2020-00776-COA-T10B-CV
_____

This is an accelerated interlocutory appeal as of right, pursuant to Tennessee Supreme Court Rule 10B, from the trial court's denial of a motion for recusal. Having reviewed the petition for recusal appeal, pursuant to the de novo standard as required under Rule 10B, § 2.01, we affirm the claims commissioner's decision to deny the motion for recusal.

**Tenn. Sup. Ct. R. 10B Accelerated Interlocutory Appeal;**
**Judgment of the Tennessee Claims Commission Affirmed and Remanded**

FRANK G. CLEMENT JR., P.J., M.S. delivered the opinion of the Court, in which JOHN W. MCCLARTY and ARNOLD B. GOLDIN, JJ., joined.

Anthony D. Herron, Jr., Memphis, Tennessee, appellant, pro se.

E. Ashley Carter, Nashville, Tennessee, Assistant Attorney General, for the appellee State of Tennessee.

### OPINION

Anthony D. Herron Jr. ("Claimant") filed claims with the Tennessee Claims Commission for monetary damages, asserting that the State of Tennessee breached its contract with Claimant.[1] Although the Petition for Recusal Appeal provides little

_____

[1] The Petition for Recusal Appeal does not identify the dates or terms of the alleged contract(s) or the damages Claimant is seeking. Some of the facts relied on in this opinion are derived from documents attached to the Petition for Recusal including, *inter alia*, the Claimant's Motion for Recusal, the Claimant's Rule 72 Declaration in support of his Motion for Recusal, the Order of the Claims Commissioner denying the Motion for Recusal, and the Order of the Claims Commissioner denying the State's Motion to Dismiss the claims.

information concerning the nature of the claims at issue, it appears the breach of contract action is before the Claims Commission on two dockets, T20180317 and T20180318, and the cases were brought pursuant to Tenn. Code. Ann § 9-8-307(a)(1)(L). The order denying the State's Motion to Dismiss, which is attached to Claimant's petition, indicates that the claims arise from one or more contracts, which Claimant allegedly entered into with the Tennessee Department of Human Services for vocational rehabilitation benefits.[2] The State of Tennessee denied ever entering into a written contract with Claimant.

Claimant's Statement of Facts, which reads as though it were a Statement of the Case, provides as follows:[3]

> On June 5, 2018[,] Commissioner Hamilton issued an Order Denying Defendant's Rule 12 Motion to Dismiss claimant's claim in cases T20180317 & T20180318. On or about July 18, 2018[,] Claimant filed his Motion to Strike Defendant's Answer and the testimony of its employees. On August 21, 2018[,] Claimant filed an En Banc Motion for Judgement on the Pleadings or Summary judgment, in the alternative. Thereafter[,] on September 28, 2018, Commissioner Hamilton issued an "ORDER TO SHOW CAUSE"[] in response to the filing of Claimant's en banc motion. . . .
>
> .   .   .
>
> Thereafter Claimant responded to the Claims Commission's Order to Show cause between October 5, 2018[,] and October 8, 2018. On October 12, 2018[,] Claimant filed a Motion for Protective Order and a Motion to Quash Order to Compel, supported by affidavit. On October 22, 2018[,] Claimant filed a Motion to Quash Order to Show Cause in both cases.
>
> On January 18, 2019[,] Claimant's En Banc Motion was before the entire Claims Commission at a public hearing in Mt. [Juliet] Tennessee. At that time[,] Claimant presented the entire Commission with the Defendant's confidentiality regulation regarding the disclosure of vocational rehabilitation records. Claimant also reminded the entire Commission that the Commission looked to the rules of the University of Tennessee in

---

[2] The alleged contract(s) are not attached to the Petition for Recusal Appeal, and the filings with this court indicate that Claimant never presented nor filed any written contract with the Claims Commission.

[3] Although Claimant provides information concerning the procedural history of his claims, he fails to provide relevant information on the nature of his claim, the terms of the alleged contract, or the acts or omissions that allegedly breached the contract.

granting the State of Tennessee's Motion for Summary Judgment in case T20121212. Claimant then asked the entire Commission to look to the Defendant's regulation in making its determination regarding vocational rehabilitation records. The entire Commission refused to hear the motion or apply the appellee's regulation to the cases at bar.

On January 23, 2019, approximately 155 days after Claimant filed his Motion for Summary Judgment, the Claims Commission ordered Defendant to respond to Claimant's Motion for Summary Judgment. On January 24, 2019[,] Claimant filed a Judicial Notice Request and attached the Defendant's Confidentiality policy in both cases. On February 5, 2019[,] the Defendant finally responded to Claimant's En Banc Motion for Summary Judgment originally filed [on] August 21, 2018. On February 15, 2019[,] Claimant complied with the Commissioner's Order to Show cause by filling the signature page of the written instrument that forms the basis of claimant's claims because the Commissioner acted on his threat to hold Claimant's pending motions in abeyance. Thereafter[,] on March 1, 2019[,] Defendant responded in opposition to claimant's judicial notice request filed on January 24, 2019.

On April 30, 2019[,] the Claims Commissioner informed Claimant that he needed to file a response to the Defendant's Motion to Dismiss Claimant's Claim for Failure to comply with the Commissioner's Order(s) or in the alternative Motion to Continue trial until he produces the written contracts he claims is at issue. On May 10, 2019[,] Claimant, Defendant and Commissioner conducted a telephonic conference. During the meeting[,] Commissioner informed Claimant that he needed to re-file his motion for Summary Judgment. Claimant informed all parties that he intended to re-file the Motion for Summary Judgment as well as a Motion in Limine and/or a request for Judicial Notice. Claimant responded to the Defendant's Motion to Dismiss on May 22, 2019. Sometime thereafter, Claimant filed his Motion in Limine and re-filed his motion for Summary Judgment. On July 3, 2019[,] Defendant responded to Claimant's Motion in Limine, Claimant's Motion for Summary Judgment and Claimant's Undisputed facts in both cases.

Sometime in November 2019, the Claims Commission denied Claimant's Motion in Limine. Thereafter[,] on November 26, 2019[,] Claimant filed a Motion for Reconsideration for the Motion in Limine. Claimant's Motion for reconsideration was eventually denied. Thereafter, on February 11, 2020[,] Claimant asked the Claims Commission to take Judicial Notice of Adjudicative Fact of the Tennessee Public Records Act 49-11-613. On

February 21, the Defendant responded to Claimant's Judicial Notice Request. [footnote omitted].

On February 21, Claimant objected to Defendant's witness / may call list. [footnote omitted]. On March 9, 2020[,] Claimant filed a Rule 65 Motion for Injunctive relief. On March 13, 2020[,] Defendant filed its response to Claimant's Rule 65 Motion. On April 3, 2020[,] the Claims Commission denied Claimant's Rule 65 Motion on the grounds that the Commission lacks [the] power to issue injunctive relief. On April 8, 2020[,] Claimant filed a Motion for Recusal. On May 20[,] Claimant filed the letter that he wrote to the Commissioner dated May 9, 2020. On May 20, 2020[,] the Claims Commissioner denied Claimant's Motion for Recusal.

The grounds for recusal of Commissioner Jim Hamilton III, as alleged by Claimant, are summarized in the first paragraph of Claimant's motion as follows:

Comes the Claimant, Anthony D. Herron Jr, Pro Se, and respectfully moves pursuant to Rule 10 of the Supreme Court, to recuse Commissioner Jim Hamilton III from the above entitled matters under Rule 10 of the Tennessee Supreme Court Rules. Claimant moves on the grounds of bias and the appearance of bias based on a pattern of comments, conduct and rulings contrary to Tennessee laws and statutes. Additionally, Claimant moves on the ground that Commissioner Hamilton cannot be impartial or fair based on his previous rulings denying Claimant equal protection of the law as prescribed by T.C.A. § 49-11-613 and consistent with Defendant's regulations.

The Motion for Recusal was denied pursuant to an order entered on May 22, 2020. The Commissioner addressed and ruled on each ground raised by Claimant based on the Commissioner's understanding of the law and facts. He further stated:

The Commissioner can fairly and impartially hear and decide these claims because he does not know either Claimant or counsel for Defendant other than in their respective capacities as litigant and attorneys and has no personal knowledge of the facts of either claim. The Commission has merely ruled upon various pre-trial motions. Since Claimant has not obtained the rulings from the Commission he desires, he now files this Motion to Recuse.
This appeal followed.

The issues Claimant raises in his Petition for Recusal Appeal read as follows:

1. Whether the Claims Commissioner erred in ruling that he did not possess the power to grant Claimant's motion for injunctive relief pursuant to Rule 65 of the Tennessee Rules of Civil Procedure?

2. Whether the Claims Commissioner erred in determining that Claimant waived his right to privacy, afforded vocational rehabilitation records, by filing a monetary claim for breach of contract?

3. Whether the Claims Commissioner erred by ordering the release of Claimant's privileged vocational rehabilitation documents, without a proper legal analysis to support a conclusion that Claimant has waived such privilege?

4. Whether the Claims Commissioner erred when he determined that Claimant's pending claims potentially place documents, which the department maintains, at issue?

5. Whether the Claims Commissioner denied Claimant equal protection of the law in failing to protect Claimant's information concerning his participation in the vocational rehabilitation program?

6. Whether the Claims Commissioner should have recused himself from presiding over Appellant's cases, because of the look of impropriety or bias?

**STANDARD OF REVIEW**

Although Claimant has raised numerous issues for us to consider, the only issue we may consider in a Tenn. Sup. Ct. R. 10B appeal is whether the Claims Commissioner should have granted the Motion to Recuse. *See Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012).

Tenn. Sup. Ct. R. 10B governs appeals from orders denying motions to recuse. Pursuant to § 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal. The appeal is perfected by filing a "petition for recusal appeal" with the appropriate appellate court. *Id.*

Our standard of review is de novo. *See id.* "De novo" is defined as "anew, afresh, a second time." *Simms Elec., Inc. v. Roberson Assocs., Inc.*, No. 01-A-01-9011-CV-00407, 1991 WL 44279, at *2 (Tenn. Ct. App. Apr. 3, 1991) (quoting *Black's Law Dictionary* 392 (5th ed. 1979)). Thus, we examine the factual record anew, with no presumption of correctness, and reach our own conclusion.

If we determine after reviewing the petition and supporting documents that no answer from the other parties is needed, we may act summarily on the appeal. Tenn. Sup. Ct. R. 10B, § 2.05. Otherwise, this court may order an answer and may also order further briefing by the parties. *Id*. We may also decide the appeal without oral argument. *Id*. § 2.06.

Based upon our review of the petition and supporting documents, we have determined that neither an answer, additional briefing, nor oral argument is necessary, and we elect to act summarily on the appeal in accordance with Tenn. Sup. Ct. R. 10B, §§ 2.05 and 2.06.

## ANALYSIS

Generally stated, Claimant contends Commissioner Hamilton is biased against him and that an appearance of bias exists based on a pattern of comments, conduct, and rulings contrary to Tennessee laws and statutes.

A motion to recuse should be granted when judges have any doubt about their ability to preside impartially in a case or when "a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564 (Tenn. 2001) (quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)). The relevant portion of the Code of Judicial Conduct provides:

(A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:

(1) The judge has a personal bias or prejudice concerning a party or party's lawyer, or personal knowledge of facts that are in dispute in the proceedings.

Tenn. Sup. Ct. R. 10, RJC 2.11(A).

The terms "bias" and "prejudice" generally refer to a state of mind or attitude that works to predispose a judge for or against a party; however, "[n]ot every bias, partiality, or prejudice merits recusal." *Alley*, 882 S.W.2d at 821. To merit disqualification of a trial judge, "prejudice must be of a personal character, directed at the litigant, 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case.'" *Id*. (quoting *State ex rel Wesolich v. Goeke*, 794 S.W.2d 692, 697 (Mo. App. 1990)).

However, "[i]f the bias is based upon actual observance of witnesses and evidence given during the trial, the judge's prejudice does not disqualify the judge." *Id*. It is for this reason that "[a] trial judge's adverse rulings are not usually sufficient to establish bias." *State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008) (citing *Alley*, 882 S.W.2d at 821). "Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Id*. (quoting *Alley*, 882 S.W.2d at 821).

The rationale for this proposition has been explained by our Supreme Court as follows:

> Given the adversarial nature of litigation, trial judges necessarily assess the credibility of those who testify before them, whether in person or by some other means. Thus, the mere fact that a witness takes offense at the court's assessment of the witness cannot serve as a valid basis for a motion to recuse. If the rule were otherwise, recusal would be required as a matter of course since trial courts necessarily rule against parties and witnesses in every case, and litigants could manipulate the impartiality issue for strategic advantage, which the courts frown upon.

*Davis*, 38 S.W.3d at 565. Thus, the contention that an objective observer would have a reasonable basis for questioning the Commissioner's adverse ruling based on the Commissioner's adverse rulings, without more, fails as a matter of law. *See Cannon*, 254 S.W.3d at 308; *Davis*, 38 S.W.3d at 565; *Alley*, 882 S.W.2d at 821.

Nevertheless, Claimant also asserts that a reasonable person would question the Commissioner's impartiality because the factual and legal errors in the Commissioner's rulings are egregious. "In rare situations, the cumulative effect of the 'repeated misapplication of fundamental, rudimentary legal principles that favor[] [one party] substantively and procedurally' can be the basis for recusal." *Krohn v. Krohn*, No. M2015-01280-COA-T10B-CV, 2015 WL 5772549, at *7 (Tenn. Ct. App. Sept. 22, 2015) (quoting *Hoalcraft v. Smithson*, No. M2000-01347-COA-R10-CV, 2001 WL 775602, at *16–17 (Tenn. Ct. App. July 10, 2001)). Because we may not rule on the merits of any order other than the order denying the motion to recuse, *see Duke*, 398 S.W.3d at 668, our examination of the challenged rulings is limited to determining whether a basis for recusal exists, *Krohn*, 2015 WL 5772549, at *7.

We have reviewed the rulings at issue and have determined that they do not contain errors that rise to the level of "repeated misapplication[s] of fundamental, rudimentary legal principles." *Id*. We have also determined that these rulings do not create the appearance of bias.

Therefore, we find no factual basis upon which to conclude that a person of ordinary prudence in Commissioner Hamilton's position, "knowing all of the facts known

to the judge, would find a reasonable basis for questioning his impartiality." *See Davis*, 38 S.W.3d at 564; Tenn. Sup. Ct. R. 10, RJC 2.11(A). Accordingly, we affirm the denial of the Motion for Recusal.

**IN CONCLUSION**

The judgment of the Claims Commissioner is affirmed, and this matter is remanded with costs of appeal assessed against Claimant, Anthony D. Herron, Jr.


_____
FRANK G. CLEMENT JR., P.J., M.S.